STEVE HANLE, SBN. 168876
  shanle@stradlinglaw.com
SALIL BALI, State Bar No. 263001
  sbali@stradlinglaw.com
STRADLING YOCCA CARLSON &
RAUTH
A PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Tel: 949 725 4000
Fax: 949 725 4100

Attorney for Defendant,
Western Digital Technologies, Inc.

MARC A. FENSTER, SBN. 181067
  mafenster@raklaw.com
REZA MIRZAIE, SBN. 246953
  rmirzaie@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474
Fax: (310) 826-6991

Attorneys for Plaintiff,
Mr. Technologies, GMBH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MR. TECHNOLOGIES, GMBH,, <br><br> Plaintiff, <br><br> vs. <br><br> WESTERN DIGITAL TECHNOLOGIES, INC., <br><br> Defendant. | CASE NO.: CASE NO. 8:22-cv-01599-JVS-DFM <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> Judge:  District Judge James V. Selna <br> Magistrate Judge Douglas F. McCormick <br><br> Complaint Filed:  August 26, 2022 |

# 1. PURPOSE AND CAUSE

## 1.1. Purposes And Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2. Good Cause Statement

This action is likely to involve trade secrets, confidential technical information, financial revenue and profit information, marketing strategies, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, source code, technical specifications, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

1  or common law. The public disclosure of such information could competitively

2  harm the Parties.

3     Accordingly, to expedite the flow of information, to facilitate the prompt

4  resolution of disputes over confidentiality of discovery materials, to adequately

5  protect information the Parties are entitled to keep confidential, to ensure that the

6  Parties are permitted reasonable necessary uses of such material in preparation for

7  and in the conduct of trial, to address their handling at the end of the litigation, and

8  serve the ends of justice, a protective order for such information is justified in this

9  matter. It is the intent of the Parties that information will not be designated as

10 confidential for tactical reasons and that nothing be so designated without a good

11 faith belief that it has been maintained in a confidential, non-public manner, and

12 there is good cause why it should not be part of the public record of this case.

13    Additionally, based on the nature of the information that may be relevant,

14 there is a need for a two-tiered protective order that designates certain material

15 "CONFIDENTIAL" and other material as "HIGHLY CONFIDENTIAL –

16 ATTORNEYS' EYES ONLY". See *Elements Spirits, Inc. v. Iconic Brands, Inc.*,

17 Civ. No. CV 15-02692 DDP(AGRx), 2016 WL 2642206, at *1–*2 (C.D. Cal. May

18 9, 2016) (holding that protective order with attorneys' eyes only designation was

19 warranted to protect party's confidential information) (citing *Nutratech, Inc. v.

20 Syntech Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2008); *Brown Bag Software v.

21 Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

22 **2.    DEFINITIONS**

23    2.1.   Action:  MR Technologies, GMBH v. Western Digital Technologies,

24 Inc., Case No. 8:22-cv-01599-JVS-DFMx.

25    2.2.   Challenging Party:  a Party or Non-Party that challenges the

26 designation of information or items under this Order.

27    2.3.   "CONFIDENTIAL" Information or Items:  information (regardless of

28 how it is generated, stored or maintained) or tangible things that qualify for

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

protection under <u>Federal Rule of Civil Procedure 26(c)</u>.

2.4. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5. <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.7. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9. "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Subject to such qualifier, such information may fall into one or more of the following categories: business plans, business development, product development, product designs, engineering information, product specifications, software, trade secrets, market analysis, competitor analysis, customer information, vendor information, internal

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

financial/accounting information, operations information, production information, distributor agreements, license agreements, development agreements, sales agreements, pricing information, cost information, and information regarding business relationships with third parties.

2.10. <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11. <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12. <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13. <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, retained experts, and Outside Counsel of Record (and their support staffs).

2.14. <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16. <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.17. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

1

2
**3.    SCOPE**

3
The protections conferred by this Stipulation and Order cover not only

4
Protected Material (as defined above), but also (1) any information copied or

5
extracted from Protected Material; (2) all copies, excerpts, summaries, or

6
compilations of Protected Material; and (3) any testimony, conversations, or

7
presentations by Parties or their Counsel that might reveal Protected Material.

8
However, the protections conferred by this Stipulation and Order do not

9
cover the following information: (a) any information that is in the public domain at

10
the time of disclosure to a Receiving Party or becomes part of the public domain

11
after its disclosure to a Receiving Party as a result of publication not involving a

12
violation of this Order, including becoming part of the public record through trial

13
or otherwise; and (b) any information known to the Receiving Party prior to the

14
disclosure or obtained by the Receiving Party after the disclosure from a source

15
who obtained the information lawfully and under no obligation of confidentiality to

16
the Designating Party.

17
Any use of Protected Material at trial shall be governed by the orders of the

18
trial judge and/or a separate agreement between the Parties. This Order does not

19
govern the use of Protected Material at trial.

20
**4.    DURATION**

21
Even after final disposition of this litigation, the confidentiality obligations

22
imposed by this Order shall remain in effect until a Designating Party agrees

23
otherwise in writing or a court order otherwise directs.

24
Final disposition shall be deemed to be the later of: (1) dismissal of all

25
claims and defenses in this Action, with or without prejudice; or (2) final judgment

26
herein after the completion and exhaustion of all appeals, rehearings, remands,

27
trials, or reviews of this Action, including the time limits for filing any motions or

28
applications for extension of time pursuant to applicable law.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition, that portions or the entirety of a deposition transcript (including exhibits not already designated under this protective order) be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (1) by making a statement to that effect on the record, during the deposition, or (2) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, on or before

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

thirty (30) days, or as otherwise agreed by the parties, after being notified by the court reporter that the deposition transcript is available, a letter or other written notice designating the portions or entirety of the transcript with a confidentiality designation. All deposition transcripts and associated exhibits are to be treated presumptively as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the expiration of such thirty-day period. The letter or other notice shall cite this Order, identify the appropriate level of confidentiality, and, if available, identify the pages and lines, and/or exhibits, to be Protected Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with a legend indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Order. If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," the deposition shall continue in the absence of all persons to whom access to the Protected Material is not permitted under this Order. The court reporter or videographer shall separately mark any pages of the transcript of the deposition that have been designated to contain Protected Material. Copies of the pages marked as containing Protected Material may be provided only to persons permitted by the other provisions of this Order to receive such Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

1    ONLY."

2        (c)   <u>for information produced in some form</u> other than documentary and

3    for any other tangible items, that the Producing Party affix in a prominent place on

4    the exterior of the container or containers in which the information is stored the

5    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

6    EYES ONLY."  If only a portion or portions of the information warrants

7    protection, the Producing Party, to the extent practicable, shall identify the

8    protected portion(s) and specify the level of protection being asserted.

9        (d)   <u>for information used during other proceedings</u> (including, but not

10   limited to, hearings, conferences, and oral arguments), that the parties take steps

11   reasonably necessary to protect the confidentiality of the Confidential Information

12   during any such use, including, but not limited to, requesting *in camera*

13   proceedings. Subject to Section 5.3 *infra*, if any Protected Material is used in any

14   open Court pretrial proceeding in this litigation other than by the Designating

15   Party, the Protected Material shall not lose its status as Confidential Information

16   through such use. The terms of this Protective Order do not preclude, limit, restrict,

17   or otherwise apply to the use of documents at trial. The parties agree to meet and

18   confer in good faith prior to trial to establish procedures for the use of Confidential

19   Information at trial.

20       5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

21   failure to designate qualified information or items does not, standing alone, waive

22   the Designating Party's right to secure protection under this Order for such

23   material.  Upon timely correction of a designation, the Receiving Party must make

24   reasonable efforts to assure that the material is treated in accordance with the

25   provisions of this Order.

26       <u>5.4</u>.   <u>Additional Parties</u>.  In the event additional Parties join or are joined in

27   this Litigation, they shall not have access to Confidential Discovery Material until

28   the newly joined Party has executed and filed with the Court its agreement to be

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

bound fully by this Stipulation.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith, pursuant to Civil Local Rule 37-1.

6.3.    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to de-designate the material under Civil Local Rules 7 and 37 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

6.4.    The burden of persuasion in any such challenge proceeding shall be

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
[PROPOSED] ORDER
4874-6429-0867v2/105234-0002

"Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

   (d) the Court and its personnel;

   (e) court reporters and their staff;

   (f) Professional Vendors (including professional jury, trial consultants, or mock jurors) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Signature of the "Acknowledgement and Agreement To Be Bound" by an authorized representative of a Professional Vendor will be construed to encompass all employees of the Professional Vendor;

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, an employee of the Designating Party, or a former employee of the Designating Party who was employed at the time the document was created or was in possession of the Designated Party;

   (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that:  (1) the witness signs the form attached as Exhibit A hereto; and (2) the witness and attorneys for the witness will not be permitted to keep any confidential information or Protected Material, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

   7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed

(c)   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(d)   the Court and its personnel;

(e)   court reporters and their staff;

(f)   Professional Vendors (including professional jury, or trial consultants, and mock jurors) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Signature of the "Acknowledgement and Agreement To Be Bound" by an authorized representative of a Professional Vendor will be construed to encompass all employees of the Professional Vendor; and

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, an employee of the Designating Party, or a former employee of the Designating Party who was employed at the time the document was created or was in possession of the Designated Party.

7.4.   Procedures for Approving or Objecting to Disclosure of

[PROPOSED] ORDER

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4874-6429-0867v2/105234-0002

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if such House Counsel is involved, or may become involved, in competitive decision-making in an area where the Receiving Party competes with the Designating Party.

(a)(2)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" pursuant to Section 7.2(c) or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Section 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through

-14-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

1  a declaration, report, or testimony at a deposition or trial, during the preceding five

2  years.

3        (b)     A Party that makes a request and provides the information specified in

4  the preceding respective paragraphs may disclose the subject Protected Material to

5  the identified Designated House Counsel or Expert unless, within seven days of

6  delivering the request, the Party receives a written objection from the Designating

7  Party. Any such objection must set forth in detail the grounds on which it is based.

8        (c)     A Party that receives a timely written objection must meet and confer

9  with the Designating Party (through direct voice to voice dialogue) to try to resolve

10  the matter by agreement within seven days of the written objection. If no

11  agreement is reached, the Party seeking to make the disclosure to Designated

12  House Counsel or the Expert may file a motion as provided in Civil Local Rule 7

13  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

14  from the court to do so. Any such motion must describe the circumstances with

15  specificity, set forth in detail the reasons why the disclosure to Designated House

16  Counsel or the Expert is reasonably necessary, assess the risk of harm that the

17  disclosure would entail, and suggest any additional means that could be used to

18  reduce that risk. In addition, any such motion must be accompanied by a competent

19  declaration describing the parties' efforts to resolve the matter by agreement (i.e.,

20  the extent and the content of the meet and confer discussions) and setting forth the

21  reasons advanced by the Designating Party for its refusal to approve the disclosure.

22        In any such proceeding, the Party opposing disclosure to Designated House

23  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

24  disclosure would entail (under the safeguards proposed) outweighs the Receiving

25  Party's need to disclose the Protected Material to its Designated House Counsel or

26  Expert.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-
[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED IN OTHER LITIGATION

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or Court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-
[PROPOSED] ORDER
4874-6429-0867v2/105234-0002

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required by a valid discovery request to produce a Non-Party's confidential information in the Required Party's possession, and the Required Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party or the Required Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information (or within the time period allowed in the agreement between the Non-Party and the Required Party if that time period is longer), the Required Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Required Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

-17-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1.   Any production of documents subject to the work product doctrine, the attorney-client privilege, the right of privacy, or any other applicable privilege, shall not constitute a waiver of the protection or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Designating Party discovers such materials have been produced. After notification is received, the Receiving Party shall within five (5) business days return to the Designating Party all copies of such documents or destroy them, and shall within five business days of notification confirm in writing that all such copies have been returned or destroyed.

11.2.   Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or protection claimed by promptly filing an appropriate motion with the court.

11.3.   The parties agree that, except as provided below, the parties will exchange privilege logs on a mutually agreed-upon date. The parties further agree

-18-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

1    that attorney-client privileged communications and work-product materials of

2    Outside Counsel of Record in this action that relate to this action are not

3    discoverable and need not be included on a privilege log in this action.

4        11.4.   Pursuant to Federal Rule of Evidence 502(d), the inadvertent

5    production of privileged or work product protected ESI is not a waiver in the

6    pending case or in any other federal or state proceeding. And the mere production

7    of ESI in a litigation as part of a mass production shall not itself constitute a waiver

8    for any purpose.

9    **12.   PROSECUTION BAR**

10       Absent written consent from the Producing Party, any individual who

11   receives "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

12   information shall not be involved in the prosecution of patents or patent

13   applications relating to multilayer magnetic recording media, including without

14   limitation the patents asserted in this Action and any patent or application claiming

15   priority to or otherwise related to the patents asserted in this Action, before any

16   foreign or domestic agency, including the United States Patent and Trademark

17   Office ("the Patent Office"). For purposes of this paragraph, "prosecution"

18   includes directly or indirectly drafting, amending, advising, or otherwise affecting

19   the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as

20   used in this paragraph does not include representing a party challenging a patent

21   before a domestic or foreign agency (including, but not limited to, a reissue protest,

22   *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall

23   begin when "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

24   information is first received by the affected individual and shall end two (2) years

25   after final termination of this action.

26   **13.   MISCELLANEOUS**

27       13.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of

28   any person to seek its modification by the Court in the future.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

13.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order<u>.</u>

<u>13.3</u>.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

-20-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] ORDER
4874-6429-0867v2/105234-0002

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.    REMEDY FOR VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 11, 2022          RUSS AUGUST & KABAT


By:    */s/ Paul A. Kroeger*
Paul A. Kroeger
Marc A. Fenster
Jonathan Link
Attorneys for Plaintiff

DATED: November 11, 2022          STRADLING YOCCA CARLSON & RAUTH A PROFESSIONAL CORPORATION


By:    */s/ Steven Hanle*
Steven Hanle
Salil Bali
Attorneys for Defendant

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-21-
[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

1
## [PROPOSED] ORDER

2       The parties having agreed to a Stipulated Protective Order governing the

3 treatment of confidential materials in this matter and the inadvertent disclosure of

4 privileged materials, therefore:

5

6 **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

7

8 DATED:  November 15, 2022

9

10                  Hon. Douglas F. McCormick
United States Magistrate Judge

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
[PROPOSED] ORDER

4874-6429-0867v2/105234-0002

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of *MR*

*Technologies, GMBH v. Western Digital Technologies, Inc.,* Case No. 8:22-cv-

01599-JVS-DFMx.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action. I hereby appoint _____

[print or type full name] of _____ [print

or type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
4874-6429-0867v2/105234-0002