RUSS AUGUST & KABAT
Marc A. Fenster (SBN 181067)
mfenster@raklaw.com
Dale Chang (SBN 248657)
dchang@raklaw.com
Paul A. Kroeger (SBN 229074)
pkroeger@raklaw.com
12424 Wilshire Boulevard, 12FL
Los Angeles, California 90025
310/826-7474 – Telephone
310/826-6991 – Facsimile

*Attorneys for Plaintiff*
MR TECHNOLOGIES, GMBH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR TECHNOLOGIES, GMBH,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>Defendant.<br><br>WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>MR TECHNOLOGIES, GMBH,<br><br>Counterclaim-Defendant. | Case No. 8:22-CV-01599-JVS-DFM<br><br>**PLAINTIFF MR TECHNOLOGIES, GMBH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC.'S UNTIMELY NONINFRINGEMENT ARGUMENTS**<br><br>Date: March 18, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10C<br><br>Complaint Filed: August 26, 2022 |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rules 16, 26, and 37 of the Federal Rules of Civil Procedure, and this Court's inherent authority, Plaintiff MR Technologies, GmbH ("MR Tech") moves to strike untimely discovery disclosures made by Defendant and Counterclaimant Western Digital Technologies, Inc. ("WD").

## I. INTRODUCTION

To MR Tech's prejudice, WD withheld significant discovery about its non-infringement defenses concerning the functionality of its own products until less than a week before the fact discovery cutoff. Due to the timing of this late disclosure, MR Tech was unable to take discovery on these new theories, and its experts were unable to address them in their expert reports with a full and complete record. Allowing these late disclosures at this stage of the case, where the pretrial conference is just two months away, would result in significant prejudice to MR Tech and would likely delay the trial. Because WD cannot show that its failure to disclose this information sooner was substantially justified or harmless, the Court should strike WD's new noninfringement theories from the case.

## II. BACKGROUND

MR Tech filed its complaint against WD a year and a half ago on August 26, 2022. Dkt. 1. The asserted patents in this case generally relate to magnetic recording media such as hard disk drives. MR Tech is currently asserting two patents: U.S. Patent Nos. 9,928,864 ("'864 patent") and 11,138,997 ("'997 patent").

On November 29, 2022, MR Tech served its first set of interrogatories on WD. Interrogatory No. 1 is the subject of this motion to strike and requests: "For each of the Accused Products, state in detail Your bases for any assertions that the Accused Products do not infringe the Asserted Claims of the Asserted Patents on a product-by-product, patent-by-patent, claim-by-claim, and element-by-element basis, including an identification of all documents or evidence upon which You rely to

support Your assertions of non-infringement." Ex. 1 at 1. WD served its initial responses on January 13, 2023.

On January 29, 2024, the parties agreed to extend the fact discovery cut off from January 30, 2024 to February 12, 2024 because WD needed additional time to produce discovery requested by MR Tech and a number of depositions had been scheduled for the week of February 5, 2024. Ex. 2.

On the evening of February 7, 2024, after MR Tech had taken nearly all of the depositions of WD's technical witnesses and less than two days before the second half of the deposition of WD's technical 30(b)(6) witness, WD notified MR Tech that it intended to move for summary judgment on several new non-infringement theories that were never previously disclosed. Ex. 3.

On Friday, February 9, 2024, WD served its Fourth Supplemental Responses to MR Tech's First Set of Interrogatories (Ex. 1), which added WD's new non-infringement theories. *Id.* at 7–10.

Fact discovery closed the next court day on Monday, February 12, 2024. Ex. 2. The parties exchanged opening expert reports on February 13, 2024. Therefore, MR Tech was deprived of a fair opportunity to take discovery on WD's new, untimely disclosed non-infringement theories. Nor did MR Tech's technical expert have the opportunity to fully analyze these new theories based on a full record and address them in his report.

The pretrial conference is on April 22, 2024, and the jury trial is set to begin in less than three months on May 7, 2024.

### III.   LEGAL STANDARD

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1). "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at

trial of any information that is not properly disclosed." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Id.* "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Id.*

"In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *Pelican Int'l, Inc. v. Hobie Cat Co.*, No. 3:20-cv-02390-RSH-MSB, 2023 WL 2127995, at *10 (S.D. Cal. Feb. 10, 2023) (quoting *Dey, L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)). "A district court has 'particularly wide latitude' in determining whether to issue sanctions under Rule 37(c)(1). *Id.* (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001)).

## IV. ARGUMENT

WD's untimely non-infringement theories, disclosed for the first time via email on February 7, 2024 and in WD's supplemental interrogatory responses served on February 9, 2024, should be stricken pursuant to Rule 37 and this Court's inherent authority and discretion. The Court extended the fact discovery cutoff to January 30, 2024 (Dkt. 187), and the parties stipulated to a modest extension of that deadline to February 12—*solely for the purposes of allowing WD to produce discovery MR Tech had long requested and the parties to complete fact depositions*. Ex. 2. The parties never discussed, and MR Tech never would have agreed, that this brief extension could be used to inject brand new theories into the case, after nearly all technical depositions had been taken and just a few months before the trial.

WD's new non-infringement theories dispute limitations that it never previously challenged, including 

WD has no excuse for why it could not have disclosed these non-infringement theories sooner, especially given that these arguments pertain to the functionality of its own products—information that is exclusively in WD's own possession, custody and control. MR Tech is unduly prejudiced by WD's late disclosure of these new arguments. For example, the timing of WD's disclosure—well after the Court-ordered fact discovery cut-off and just three court days before the parties stipulated cutoff for completing depositions—prevented MR Tech from seeking discovery about the bases for these new non-infringement arguments. Additionally, MR Tech's technical experts had less than a week (including the weekend) to analyze and address these arguments in their reports served on February 13, 2024. Lacking additional discovery relating to the new arguments, MR Tech's experts were prevented from addressing WD's new non-infringement arguments based on a complete record.

Allowing WD's new arguments into the case at this late juncture would require re-opening discovery and delaying the trial. The dispositive motions deadline hearing date is set for March 18 and the pretrial conference is just two months away on April 22. Given that WD cannot show that its delay was substantially justified or harmless, its new noninfringement theories should be struck. *See SPEX Tech., Inc. v. Western Digital Corp.*, No. 8:16-CV-01799-JVS(AGRx), Dkt. 234 at 6–7 (C.D.

Cal. July 24, 2023) (striking WD's supplemental noninfringement theories disclosed on the last day of discovery because plaintiff "was not afforded an opportunity to seek fact discovery about the bases for this new argument," plaintiff's experts "had only one week to consider these alternatives in their reports," and "[d]espite the disclosure being timely, WD offers no explanation why it could not have disclosed this sooner").

## V. CONCLUSION

For the foregoing reasons, Western Digital's new noninfringement theories disclosed in its second supplemental response to Interrogatory No. 1, served on February 9, 2024, should be struck from this case.

RUSS AUGUST & KABAT

Dated: February 16, 2024      By:  /s/ Marc Fenster
                                   Marc Fenster
                                   Dale Chang
                                   Paul Kroeger

                                   *Attorneys for Plaintiff*
                                   MR TECHNOLOGIES, GMBH

## CERITICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document contains 1,391 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Marc A. Fenster*
Marc A. Fenster

## CERTIFICATE OF SERVICE

I hereby certify pursuant to the Federal Rules of Civil Procedure and LR 5-3 and 5-4 that the above document was served upon the attorney(s) of record for each party through the ECF system.

By: /s/ *Marc A. Fenster*
Marc A. Fenster