Steve Hanle, SBN 168876
  shanle@stradlinglaw.com
Salil Bali, SBN 263001
  sbali@stradlinglaw.com
Ahmad S. Takouche, SBN 322911
  atakouche@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725 4000
Facsimile: (949) 725 4100

Henning Schmidt, (admitted *pro hac vice*)
  hschmidt@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
500 W. 2nd St., Suite 1900
Austin, TX 78701
Telephone: (512) 788-5018

Attorneys for Defendant and Counterclaim Plaintiff
Western Digital Technologies, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR TECHNOLOGIES, GMBH,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>vs.<br><br>WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>    Defendant and<br>    Counterclaim Plaintiff. | CASE NO. 8:22-cv-01599-JVS-DFM<br><br>Honorable James V. Selna<br>Magistrate Judge Douglas F. McCormick<br><br>**DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC.'S UNTIMELY NONINFRINGEMENT ARGUMENTS**<br><br>Date: March 18, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10C<br><br>Complaint Filed: August 26, 2022 |

*REDACTED / PUBLIC VERSION*

# **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................. 1

II. ARGUMENT ................................................................................................... 2

    A.  There Has Been No Delay in Disclosure as WD's Non-Infringement Expert Report is Not Due Until March 12 ...................... 2

    B.  Plaintiff Bears the Burden on Infringement and Failed to Update Its Infringement Contentions to Disclose Its Positions ............ 6

    C.  The SPEX Tech Case is Not Applicable .............................................. 14

    D.  Plaintiff Failed to Comply with L.R. 7-3 ........................................... 15

III. CONCLUSION ............................................................................................. 16

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-i-

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*,
No. 1:20CV472, 2022 U.S. Dist. LEXIS 124411 (M.D.N.C. July
14, 2022)................................................................................................5

*Apple Inc. v. Samsung Elecs. Co., Ltd*.,
No. 5:12-cv-0630-LHK-PSG, 2014 U.S. Dist. LEXIS 3484 (N.D.
Cal. Jan. 9, 2014)...................................................................................7

*Apple Inc. v. Samsung Elecs. Co.*,
No. 12-CV-0630-LHK (PSG), 2013 U.S. Dist. LEXIS 91450 (N.D.
Cal. June 26, 2013)................................................................................3

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
No. 2:18-CV-585, 2020 WL 1648470 (E.D. Va. Mar. 16, 2020)........5

*Diagnostic Sys. Corp. v. Symantec Corp*.,
No. SACV 06-1211 ...............................................................................6

*Fujifilm Corp. v. Motorola Mobility LLC*,
No. 12-cv-03587-WHO, 2015 U.S. Dist. LEXIS 21413 (N.D. Cal.
Feb. 20, 2015)........................................................................................2

*Guangzhou Yucheng Trading Co. v. Dbest Prods.*,
644 F. Supp. 3d 637 (C.D. Cal. 2022) (Selna, J.) ..............................15

*In re Katz Interactive Call Processing Patent Litig.*,
No. 07-ML-01816-B-RGK, 2008 U.S. Dist. LEXIS 128256 (C.D.
Cal. Oct. 10, 2008) ...............................................................................5

*Kinglite Holdings Inc. v. Micro-Star Int'l Co.*,
No. CV 14-03009 ..................................................................................7

*Klaustech, Inc. v. Google LLC*,
No. 10-cv-05899-JSW (DMR), 2018 U.S. Dist. LEXIS 222037
(N.D. Cal. Sep. 14, 2018), aff'd, 792 F. App'x 954 (Fed. Cir. 2020).................7

*Medtronic Inc. v. Edwards Lifesciences Corp.*,
No. SACV 12-00327-JVS, 2013 U.S. Dist. LEXIS 201301 (C.D.
Cal. July 24, 2013)................................................................................2

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-ii-

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Shared Memory Graphics LLC v. Apple, Inc.*,
  812 F. Supp. 2d 1022 (N.D. Cal. 2010) ................................................................ 7

*SPEX Tech., Inc. v. W. Digit. Corp.*,
  No. 8:16-CV-01799-JVS(AGRx), 2023 U.S. Dist. LEXIS 180096
  (C.D. Cal. July 24, 2023)................................................................................ 14, 15

*Spex Techs., Inc. v. W. Digit. Corp., No. SACV 16-01799 JVS-AGR,*
  *2024 U.S. Dist. LEXIS 26185 (C.D. Cal. Feb. 6, 2024)*.................................... 14

*Unicorn Glob., Inc. v. Hillo Am., Inc.*,
  No. LA CV19-03028 ............................................................................................ 15

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ............................................................................ 6

*Vans, Inc. v. Walmart, Inc.*,
  No. 8:21-CV-01876-DOC-KESx, 2023 U.S. Dist. LEXIS 234380
  (C.D. Cal. Oct. 16, 2023)...................................................................................... 6

*Zadro Prods. v. Feit Elec. Co.*,
  514 F. Supp. 3d 1209 (C.D. Cal. 2021)............................................................... 15

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-iii-
OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

# I.  INTRODUCTION

Plaintiff's motion seeks to strike non-infringement analysis and opinions performed by or at the direction of Western Digital's expert witness, Gerardo Bertero, performed after the Court's claim construction order issued on December 26, 2023. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████ Instead of waiting to disclose this information in its non-infringement expert report, due March 12, 2024, ██████████████████████████████████ ████████████████████ and thereafter supplemented its interrogatory responses on February 9.  MRT then extensively questioned WD's Rule 30(b)(6) witness about this testing during his February 9 deposition.  In sum, WD was both diligent and forthcoming in disclosing non-infringement analysis generated by or at the direction of its expert, and MRT had the opportunity to ask about it during fact discovery.

WD's diligence contrasts strongly with Plaintiff's lack of diligence in disclosing the facts and evidence supporting its infringement theories during fact discovery, an issue upon which it bears the burden of proof and affirmative disclosure obligations under the Patent Local Rules.  Plaintiff last amended its infringement contentions in October 2023, stating for many of its contentions that it was awaiting certain discovery from WD, and that it would amend its infringement contentions after that discovery was provided and after the Court issued its claim constructions.  But it never did.  Instead, Plaintiff waited until its expert report served <u>after</u> the close of fact discovery on February 13, 2024, to disclose these infringement theories and evidence, despite receiving most of the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1  evidence on which its expert relies by December 8, 2023, and as early as October

2  23, 2023.

3      Plaintiff's motion thus seeks to impose a double standard by striking certain

4  of WD's non-infringement contentions that <u>were disclosed before the close of fact</u>

5  <u>discovery</u>, despite disclosing substantially revised infringement contentions for the

6  first time in its expert report served <u>after the close of fact discovery</u>.  In sum, WD

7  was diligent, Plaintiff has not been prejudiced, and its motion to strike should be

8  denied.  Otherwise, the Court should also strike the paragraphs of the report of

9  Plaintiff's infringement expert that should have been, but were not, disclosed

10  during fact discovery, as well as the previously undisclosed damages positions

11  included in the report of Plaintiff's damages expert Mr. Bergman.

12  **II.    ARGUMENT**

13      **A.    There Has Been No Delay in Disclosure as WD's Non-**

14          **Infringement Expert Report is Not Due Until March 12**

15      WD did not delay in responding to Interrogatory No. 1, as WD had no

16  obligation to provide theories based on expert analysis ahead of its expert's report

17  on non-infringement.  As this Court outlined, "[t]he Patent Local Rules 'do not

18  require disclosure of theories of noninfringement nor do they provide that a party's

19  failure to disclose noninfringement theories justifies [plaintiff's] amendment to

20  include DOE theories.'" *Medtronic Inc. v. Edwards Lifesciences Corp.*, No. SACV

21  12-00327-JVS (MLGx), 2013 U.S. Dist. LEXIS 201301, at *13 (C.D. Cal. July 24,

22  2013) (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK (PSG),

23  2013 U.S. Dist. LEXIS 91450, at *34 (N.D. Cal. June 26, 2013).)  Indeed, courts

24  have refused to allow plaintiffs to blame defendants for not showing their hand on

25  non-infringement during fact discovery.  *See, e.g.*, *Fujifilm Corp. v. Motorola*

26  *Mobility LLC*, No. 12-cv-03587-WHO, 2015 U.S. Dist. LEXIS 21413, at *25

27  (N.D. Cal. Feb. 20, 2015) (denying leave to amend infringement contentions to

28  respond to new non-infringement theories raised in supplemental interrogatory

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

1    responses served on last day of discovery, and again after discovery window closed

2    but while expert discovery was still pending); *Apple*, 2013 U.S. Dist. LEXIS

3    91450, at *37-38 ("deficiencies in Apple's noninfringement theories do not justify

4    Samsung's delay in asserting all of the infringement theories it reasonably believed

5    it could assert.").

6         Moreover, WD did not wait until the end of fact discovery to disclose non -

7    infringement analysis or evidence that previously existed.[1]  Rather, the analysis

8    was developed by or at the direction of Dr. Bertero <u>after</u> the Court's claim

9    construction ruling on December 26, 2023. ████████████████████████

10   ████████████████████████████████████████████████

11   ████████████████████████████████████████████

12   ████████████████████████████████████████████████

13   ████████████████████████████████████████

14   ████████████████████████████████████████████

15   ███████████    In the interest of fair disclosure, rather than waiting until after the

16   close of fact discovery to disclose this information—which is what Plaintiff did, as

17   addressed below—████████████████████████████████████████.

18   ████████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ████████████████████████████████    The next day, February 7, 2024,

21   during a meet and confer and in a follow-up email, WD confirmed the non-

22   infringement positions supported by this testing.  (Bali Decl. ¶ 13; Dkt. 246-17.)

23        On February 9, 2024, near the start of Dr. Desai's deposition, WD produced

24   amended interrogatory responses that incorporated the data provided on February 6

25

26   _____

[1] On Dec. 12, 2023 the Court reset the Discovery Cutoff to January 30, 2024.  Dkt.
27   187.  On January 29, 2024 the parties agreed to extend fact discovery through
     February 12, 2024 to accommodate pending document productions and a number
28   of depositions.  (Dkt. 235, p.2.)  At that time the parties also agreed to move the
     deadline for initial expert reports to February 12, 2024. (*Id.*)

-3-

and the non-infringement theories supported by that data that had been disclosed on February 7. (Bali Decl. ¶ 4.) Plaintiff proceeded to depose Dr. Desai extensively about this testing and Dr. Bertero's role in requesting this data during his February 9th deposition. (Bali Decl. ¶ 4 and Ex. C, Desai Vol. 2 at 283:6-24; 289:25-290:13; 310:10-311:14.) On February 12, 2024, Plaintiff contacted WD and asked for a one-day extension to serve its expert reports, including its report on infringement, which WD granted. (Bali Decl. ¶ 6.) Plaintiff's expert report includes at least 43 paragraphs of analysis regarding the non-infringement theories supported by the testing conducted at Dr. Bertero's direction and included in WD's supplemental interrogatory responses. (*Id.*) Accordingly, WD's disclosures of these theories and evidence generated by or at the direction of its expert was timely.

But even if WD's supplemental interrogatory responses were considered "untimely," MRT cannot show any prejudice. First, as outlined above, MRT extensively questioned Dr. Desai about the testing requested by Dr. Bertero and performed by WD. Moreover, the opening report of MRT's infringement expert includes about 20 pages of opinion, directly targeted to WD's non-infringement theories that Plaintiff seeks to strike. (*See* Bali Decl., Ex. B at § IX ("RESPONSES TO WD'S NON-INFRINGEMENT ARGUMENTS").) Still further, on February 16, 2024, Dr. Bertero submitted a 66 paragraph declaration fully describing the testing that was performed and the non-infringement positions supported by that testing. (Dkt. 252-2.) On February 22, 2024, Plaintiff took the deposition of Dr. Bertero regarding these non-infringement positions and evidence. And finally, Dr. Bertero's expert report setting forth his complete non-infringement opinions will be served on March 12, 2024 and Plaintiff will have the ability to take yet another deposition of Dr. Bertero following the issuance of his report. As such, there is no prejudice.

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

Even if Plaintiff had been prejudiced by WD's disclosure of its non-infringement positions, any such prejudice can be cured.  Courts resist striking a party's discovery responses where the opposing party's expert has a fair opportunity to address them.  "[D]espite the surprise of Plaintiffs' disclosures and the unconvincing explanations for failing to provide those contentions earlier, Defendants have been able to cure that failure during expert discovery." *Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*, No. 1:20CV472, 2022 U.S. Dist. LEXIS 124411, at *16-17 (M.D.N.C. July 14, 2022) (declining to strike evidence of secondary considerations first disclosed in opening expert report where opinions were based on publicly available information or patentee's own information and where accused infringer's "expert was able to – and apparently did – respond" to the argument); *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, No. 2:18-CV-585, 2020 WL 1648470, at *3 (E.D. Va. Mar. 16, 2020) (denying motion to strike patentee's supplemental discovery response that added a doctrine of equivalents theory that "were asserted prior to opening expert reports[,] . . . affect only a few claims, and K2M's Cases striking responses do so when provided after close of discovery."); *In re Katz Interactive Call Processing Patent Litig.*, No. 07-ML-01816-B-RGK (FFMx), 2008 U.S. Dist. LEXIS 128256, at *266 (C.D. Cal. Oct. 10, 2008) (holding that even where interrogatory response failed to provide notice of non-infringement theories, refusing to strike portions of summary judgment filing as plaintiff had burden to prove infringement, and "DirecTV's failure to notify Katz of its non-infringement defense does not change this burden.").

If the Court is concerned with alleged prejudice from the disclosure of this non-infringement analysis by or at the direction of Dr. Bertero near the close of fact discovery, any such prejudice could be cured by a further limited deposition regarding the testing and/or by allowing Dr. Re to issue a supplemental report, of limited scope to append to his opening expert report, to further address WD's non-infringement positions.  Such a less drastic sanction would be far more appropriate

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

than the striking of WD's non-infringement positions, particularly given WD's diligence described above. *Vans, Inc. v. Walmart, Inc.*, No. 8:21-CV-01876-DOC-KESx, 2023 U.S. Dist. LEXIS 234380, at *7 (C.D. Cal. Oct. 16, 2023) (where non-authorized expert reports were served, holding "Walmart's disadvantage can be addressed with a less drastic remedy than striking Mr. Sowers and Ms. Butler's disputed reports," and allowing supplemental reports and further depositions of experts).

**B.     Plaintiff Bears the Burden on Infringement and Failed to Update Its Infringement Contentions to Disclose Its Positions**

Plaintiff's motion to strike belies its own late disclosure of infringement theories and evidence. "To prove infringement, the plaintiff bears the burden of proof to show the presence of every element or its equivalent in the accused device." *Uniloc USA, Inc. v. Microsoft Corp*., 632 F.3d 1292, 1301 (Fed. Cir. 2011). In general, defendant's non-infringement positions are responsive to plaintiff's infringement contentions, and can only be developed once the theories of infringement are made clear. *Diagnostic Sys. Corp. v. Symantec Corp*., No. SACV 06-1211 DOC (ANx), 2009 U.S. Dist. LEXIS 53916, at *19 (C.D. Cal. June 5, 2009) (finding infringement contentions "unacceptable" and noting "[t]o the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense.") (citation omitted). Further here, Plaintiff's position that WD "never previously challenged" infringement for the "hard magnetic storage layer" limitations is disingenuous at best as WD has remained stalwart that its products do not infringe any of the asserted claims of the patents throughout this case. In fact, Plaintiff never provided any evidence during fact discovery calculating the properties of the alleged hard magnetic storage layers of the representative DCMs of the Accused Products, and instead relied on the alleged properties of theoretical media described in publications. (*See* Bali Decl., Ex. A at Ex. A.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1    Moreover, here, Plaintiff failed to update its infringement contentions prior

2    to the close of fact discovery.  In fact, Plaintiff served its Third Amended

3    Infringement Contention (TAIC) on October 17, 2023, wherein MRT states that it

4    will "amend its disclosure as additional facts are ascertained, analyses are made,

5    research is completed, and claims are construed"  (Bali Decl., Ex A, p. 1.)  But no

6    such amendment was made, even though the evidence now relied on in Plaintiff's

7    expert reports relies on evidence disclosed during fact discovery by  December 8,

8    2023.  (*Id.* ¶ 10.)

9    Infringement contentions are intended to give defendant notice of plaintiff's

10   specific theories of infringement.  *Shared Memory Graphics LLC v. Apple, Inc*.,

11   812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic

12   Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).  "Given the purpose of these

13   disclosure requirements, expert reports cannot go beyond the bounds of the

14   disclosed infringement theories and introduce new theories not disclosed in the

15   contentions." *Klaustech, Inc. v. Google LLC*, No. 10-cv-05899-JSW (DMR), 2018

16   U.S. Dist. LEXIS 222037, at *6-7 (N.D. Cal. Sep. 14, 2018), aff'd, 792 F. App'x

17   954 (Fed. Cir. 2020); see also *Apple Inc. v. Samsung Elecs. Co., Ltd*., No. 5:12-cv-

18   0630-LHK-PSG, 2014 U.S. Dist. LEXIS 3484, at *65 (N.D. Cal. Jan. 9, 2014)

19   ("Expert reports may not introduce theories not set forth in contentions.").

20   As facts and evidence become available, plaintiff is expected to update its

21   contentions.  See generally Patent L.R. 3-6 (allowing amendment of infringement

22   contentions where, among other reasons, there is recent discovery regarding the

23   accused instrumentalities); *see also Kinglite Holdings Inc. v. Micro-Star Int'l Co.*,

24   No. CV 14-03009 JVS(PJWx), 2016 U.S. Dist. LEXIS 185319, at *4 (C.D. Cal.

25   June 15, 2016) (noting that a plaintiff's access to technical information like source

26   code "triggers [patentee]'s duty to supplement infringement contentions with

27   pinpoint citations to source code."). Here, in its TAIC Plaintiff uses estimated

28   values based on publications not tied to the Accused Products to support its

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1  infringement theories.  However, WD produced the data now relied upon by

2  Plaintiff to support most of its infringement theories by December 8, 2023 ████

3  ██████████████████████████████████████████████

4  ██████████  (Bali Decl., ¶ 10.)  Plaintiff could and should have supplemented its

5  infringement contentions based on this data, and at least disclosed how its expert

6  intended to use this data to support Plaintiff's infringement contentions.

7      For example, in its TAIC for claim limitation 1[d] – "a hard magnetic

8  storage layer, having a first coercive field Hs>0.5 T, formed on the underlayer" –

9  ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████

12 

13 

14 

15 

16 

17 

18 

19 

20 

21 

22 

23 

24 

25 

26 

27 The TAIC does not assess any particular product or DCM.  (*Id.*)  Rather it again

28 indicates that "MR Tech reserves the right to supplement these contentions with

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1    additional information once WD produces the responsive material." (*Id.*)  There is

2    no dispute that by December 8 2023, WD produced ██████████████████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████

5    ██████████████████████████████████████

6         Plaintiff thus has had substantial information supporting further amendment

7    of its infringement contentions long before the close of discovery, but failed to do

8    so.  It wasn't until Dr. Re issued his opening expert report on February 13, 2024,

9    that Plaintiff finally disclosed its infringement position with respect to this claim

10   limitation for each representative DCM. ████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ██████████████████████████████████████

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-
OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19        Similarly for claim limitation 1[e] – "a nucleation host, having a second

20    coercive field Hn without the hard magnetic storage layer, lower than the first

21    coercive field, Hn<Hs" – in its TAIC Plaintiff does not even attempt to calculate

22    the coercive field of the nucleation host or to compare the nucleation host and the

23    hard magnetic storage layer.  (Bali Decl., Ex.  A at Ex. A, pp. 13-14.)  Instead

24    Plaintiff based its contentions of information and belief or assumptions based on

25    unrelated WD patents.  (*Id*.)

26
27
28

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18    Again, the TAIC does not assess any specific DCM nor does it attempt to calculate

19    the relative coercive fields.  The data Plaintiff now relies on to perform these

20    estimates and make this comparison was produced by December 8, 2023.  (Bali

21    Decl., ¶ 10.)  Plaintiff could and should have supplemented its TAICs to provide

22    WD notice of how it intended to calculate the coercivity of the nucleation host and

23    conduct its comparison to the hard magnetic storage layer.

24        However, Plaintiff disclosed its infringement position with respect to this

25    claim limitation for each representative DCM only when it served Dr. Re's

26    opening report on February 13, after the close of fact discovery.

27

28

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1
2
3
4
5
6
7
8
9
10
11
12
13
14

15    In the foregoing examples WD has addressed claim limitations 1[d] and 1[e]

16    that deal with the coercivity of the hard magnetic storage layer and the nucleation

17    host, as they relate to the non-infringement positions raised in Plaintiff's motion to

18    strike. (Dkt. 235.)  However, Plaintiff's failure to properly update its infringement

19    contentions during fact discovery, taints the entirety of its infringement position, as

20    none of the analysis or calculations set forth in Dr. Re's report for each DCM were

21    included in Plaintiff's TAICs.  A comparison summarizing the changes between

22    the TAICs and Dr. Re's report is attached as Bali Decl., Ex. D.  Thus, it is Plaintiff,

23    not WD that failed to disclose its infringement positions and evidence during fact

24    discovery, despite bearing the burden of proof on these issues and having

25    affirmative disclosure obligations under the Patent Local Rules.

26    Similarly, according to Plaintiff's arguments, certain of the damage positions

27    and evidence disclosed in the report of its damages expert should be stricken

28    because this information was not disclosed during fact discovery. Specifically,

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1   during fact discovery, ███████████████████████████████████████

2   ████████████████████████████████████████████████

3   █████████████████████████████████████████████████████

4   ██████████████████████████████████████ This position

5   was echoed in Plaintiff's supplement to its initial disclosures served on December

6   22, 2023.  (Bali Decl., Ex. F.) Plaintiff also disclosed in its supplemental initial

7   disclosures, that it would rely on an analytical model "that estimates the benefits

8   WD and the accused products obtain from infringement of the patents-in-suit," and

9   noted in conclusive fashion that it may rely on the market approach or income

10  approach to make its damages case.

11          The expert report, however, includes theories and evidence far beyond what

12  Plaintiff disclosed during discovery. ████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████

16  ████████████████████████████ However, these agreements

17  were not identified by Plaintiff during discovery as relevant to damages.  (Bali

18  Decl., Exs. E, F.)

19          If the Court is at all moved by Plaintiff's arguments, then the standard

20  should be applied to the parties equally, such that all theories on infringement,

21  damages and non-infringement crystalized at the tail-end of discovery or after the

22  close of fact discovery should be stricken.  If the Court is to find WD at fault, so

23  too must it find MRT at fault for failing to timely supplement its infringement

24  contentions and damages positions.  Specifically all of the analysis and

25  calculations set forth in Dr. Re's report for each DCM that were not included in

26  Plaintiff's TAICs (summarized in Bali Decl., Ex. D) and all of the new damage

27  positions taken by Mr. Bergman in his report should be stricken.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-
OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1

### C.    The SPEX Tech Case is Not Applicable

2    Plaintiff's motion exclusively relies on the *SPEX Tech., Inc. v. W. Digit.*

3    *Corp.*, No. 8:16-CV-01799-JVS(AGRx), 2023 U.S. Dist. LEXIS 180096 (C.D.

4    Cal. July 24, 2023) case for its position.  However, *SPEX* is distinguishable from

5    the present matter.  In *SPEX*, discovery in the main case had closed and the matter

6    had been remanded after the Fed. Cir. reversed the Court's indefiniteness ruling.

7    In that context this Court allowed the parties to conduct additional, limited and

8    tailored discovery relating to the remanded claims.  *Id.* at *2-3.  SPEX relied on the

9    same infringement theories it previously asserted, but WD supplemented its prior

10   non-infringement theory with new arguments.  *Id.* at *3-4.  As discovery was

11   limited in scope, SPEX did not have an opportunity to conduct fact discovery on

12   these new theories, and the Court struck these new non-infringement theories.  *Id.*

13   Conversely, here, WD's positions and evidence were disclosed <u>before the</u>

14   <u>close of fact discovery</u>.  The Court issued its claim construction on December 26,

15   2023 providing WD only a few weeks to crystalize its non-infringement theories

16   before the close of fact discovery.  WD did disclose its theories and supporting

17   evidence during fact discovery and before Plaintiff served its expert report on

18   infringement.  As detailed above, Plaintiff took the deposition of WD's 30(b)(6)

19   witness on the new testing, was able to have its expert Dr. Re address WD's non-

20   infringement positions, was able to depose Dr. Bertero on his declaration in

21   support of the non-infringement motion, and will again depose Dr. Bertero after

22   the issuance of his expert report.  Such opportunities to fully explore WD's testing

23   and non-infringement positions distinguish this case from the *SPEX* case.

24   Recently, this Court issued a ruling regarding Western Digital's motion *in*

25   *limine* to exclude evidence of a reasonable royalty and damages following the

26   Court's striking of Mr. Bergman's testimony.  *Spex Techs., Inc. v. W. Digit. Corp.*,

27   No. SACV 16-01799 JVS-AGR, 2024 U.S. Dist. LEXIS 26185 (C.D. Cal. Feb. 6,

28   2024).  The Court found that certain pieces of evidence SPEX intended to rely on

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

1    were timely disclosed during discovery, or that their untimely disclosure was

2    "harmless." *Id.* at *7-8. Specifically, the Court identified that "lay witness

3    testimony concerning" an agreement at issue was "harmless," as "Western Digital

4    had a full and fair opportunity to depose the three witnesses during fact discovery,"

5    and these witnesses' testimony was relied upon in Bergman's now-stricken report.

6    *Id.* Applying this reasoning from the most recent *SPEX* decision supports a similar

7    result here. Plaintiff had an opportunity to depose Dr. Desai, WD's 30(b)(6) on

8    testing and properties of the accused products, and Dr. Bertero, WD's non-

9    infringement expert, after the complained of testing data and non-infringement

10   positions were produced. Further, Plaintiff's expert Dr. Re performed extensive

11   analysis addressing WD's non-infringement theories and supporting evidence.

12   Thus, to the extent the Court does find that Plaintiff was prejudiced, such prejudice

13   was harmless as Plaintiff has had multiple opportunities to evaluate and consider

14   the materials at issue.

15         **D.    Plaintiff Failed to Comply with L.R. 7-3**

16         Local Rule 7-3 imposes a meet and confer requirement on counsel before

17   filing any motion. It also requires a statement of compliance in any filed motion.

18   *Id*. The Notice of Motion or other request must include a statement of compliance

19   with Local Rule 7-3. Courts in this district regularly strike or outright deny

20   motions if counsel fails to meet and confer in good faith. *Guangzhou Yucheng*

21   *Trading Co. v. Dbest Prods.*, 644 F. Supp. 3d 637, 671 (C.D. Cal. 2022) (Selna, J.)

22   (holding summary judgment motion of invalidity was in part "properly denied

23   based on GYT's Local Rule 7-3 meet and confer violation."); *Zadro Prods. v. Feit*

24   *Elec. Co.*, 514 F. Supp. 3d 1209, 1213 (C.D. Cal. 2021) ) (Selna, J.) ("Moreover,

25   Feit never met and conferred with Zadro about this basis for summary judgment, as

26   is required under Local Rule 7-3. [] The Court therefore declines to grant summary

27   judgment on this basis."); *Unicorn Glob., Inc. v. Hillo Am., Inc.*, No. LA CV19-

28   03028 JAK (AFMx), 2021 U.S. Dist. LEXIS 54160 (C.D. Cal. Feb. 12, 2021)

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

(denying motion for summary judgment and exclusion under *Daubert* due to failure to meet and confer, and entering a new, limited schedule to allow meet and confer prior to refiling of motions).

Plaintiff made no attempt to thoroughly discuss the substance of this motion to strike with WD and as such makes no statement in this motion asserting its compliance with L.R. 7-3. (Bali Decl. ¶ 14.) Indeed, if Plaintiff had properly met and conferred, the parties could have addressed ameliorative measures to obviate any alleged prejudice, likely without the Court's intervention.  For instance, if Plaintiff contends that Dr. Re did not have enough time to evaluate WD's testing data, Plaintiff could have asked for an opportunity to prepare a limited supplemental report on this issue or a further extension on the deadline to serve Dr. Re's opening report.  Instead, Plaintiff seeks to avoid a determination on the merits by applying a double-standard to the parties' respective obligations to disclose infringement and non-infringement positions.

For these reasons, in addition to denying this motion on substantive grounds, the Court should also deny it based on Plaintiff's failure to comply with L.R. 7-3.

## III.    CONCLUSION

For the foregoing reasons, the motion should be denied.

DATED:  February 26, 2024          STRADLING YOCCA CARLSON & RAUTH LLP


                                   By:   */s/ Steven M. Hanle*
                                         Steven M. Hanle
                                         Salil Bali
                                         Ahmad S. Takouche
                                         Henning Schmidt

                                   Attorneys for Defendant and
                                   Counterclaim Plaintiff
                                   Western Digital Technologies, Inc.

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

**CERTIFICATION RE L.R. 11-6.1**

The undersigned, counsel of record for Defendant and Counterclaim Plaintiff Western Digital Technologies, Inc. certifies that this brief contains 4,149 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Steven M. Hanle*

OPPOSITION TO PLTF'S MOTION TO STRIKE NONINFRINGEMENT ARGUMENTS
4881-7998-6088v10/105234-0002

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH