UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. SA CV 22-01599 JVS-DFM | Date April 1, 2024 |
| Title MR Technologies, GMBH v. Western Digital Technologies, Inc. | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Granting MRT's Motion to Strike WD's Untimely Noninfringement Arguments [235]

Before the Court is Plaintiff MR Technologies, GMBH's ("MRT" or "Plaintiff") Motion to Strike Defendant Western Digital Technologies, Inc.'s ("WD" or "Defendant") Untimely Non-infringement Arguments. Docket Nos. 235, 253 (sealed) ("Mot."). WD filed an opposition. Docket Nos. 258, 257-1 (sealed) ("Opp'n"). MRT filed a reply. Docket Nos. 288, 287-1 (sealed) ("Reply").[1] For the reasons stated below, the Court **GRANTS** the motion.

I.  BACKGROUND

The parties' dispute concerns the admissibility of non-infringement theories based on recent testing WD performed on the accused products. See generally, Mot. MRT served its first set of interrogatories on WD on November 29, 2022. Id. at 2. Therein, MRT asked WD to provide its non-infringement positions for all asserted claims. Id. at 2-3. WD timely served its initial responses on January 13, 2023. Id. at 3. The Court issued its claim construction ruling on December 21, 2023, nearly one year later. Order re Claim Construction, Docket No. 195. WD began testing the accused products on December 26, 2023, following the claim construction ruling. Opp'n at 7. Meanwhile, the parties agreed

---

[1] The parties filed portions of their briefs and accompanying exhibits under seal. Within seven days of the issuance of this Order, the parties shall file a joint statement as to whether any material stated in this Order shall remain under seal as well as a proposed redacted version. The Court will then determine whether any portions of this Order will be redacted in the version filed on the public docket, with a corresponding, non-redacted version filed under seal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 22-01599 JVS-DFM | Date | April 1, 2024 |
| Title | MR Technologies, GMBH v. Western Digital Technologies, Inc. | | |

to extend the fact discovery cutoff from January 30, 2024 to February 12, 2024 to accommodate anticipated document productions and depositions. Id.

On February 7, 2024, WD advised MRT, via email, of the non-infringement theories it planned to pursue at summary judgment, based on the testing. Email Exchange, Docket No. 235-6. WD also indicates it disclosed the actual test data on February 6, 2024, the same day testing finished. Opp'n at 5. On February 9, 2024, WD served its fourth supplemental responses to MRT's first set of interrogatories, including the new non-infringement theories. Mot. at 3; see also WD's Fourth Supplemental Responses to First Set of Interrogatories ("Fourth ROG Resp."), Docket Nos. 235-4, 253-1 (sealed). WD now disputes that the hard magnetic storage layer in the accused products has a coercive field greater than 0.5T. Fourth ROG Resp. WD also disputes that the nucleation host in the accused products has a coercive field lower than the field of the hard magnetic storage layer. Id.

Fact discovery closed on February 12, 2024, the next business day after WD served its supplemental responses. Mot. at 3. At the time of the February 7, 2024 email exchange, MRT has taken nearly all depositions of WD's technical witnesses. Id. MRT was able to depose WD's 30(b)(6) witness, Dr. Desai, concerning some of this testing. Opp'n at 8. The parties exchanged opening expert reports on February 13, 2024. Mot. at 3. MRT's report includes analysis of the recent testing. Opp'n at 8. MRT also deposed Dr. Bertero, WD's technical expert and the person that ordered the testing, on February 22, 2024. Id. Dr. Bertero's expert report concerning non-infringement is due March 12, 2024. Id. The Court heard the parties' summary judgment motions on March 18, 2024. WD raised non-infringement arguments based on the testing. See, e.g., WD's Motion for Summary Judgment of Non-infringement, Docket Nos. 246, 252 (sealed). The final pretrial conference in is set for April 22, 2024 and trial is set to begin on May 7, 2024. Id.

II. LEGAL STANDARD

If new legal theories are raised after the close of discovery, they may not be allowed at later stages of the case such as summary judgment or trial. See, e.g., Amini Innovation Corp. v. Anthony California Inc., No. CV 03-8749, 2006 WL 6855371, at *9 (C.D. Cal. Sept. 21, 2006) (granting motion in limine to preclude evidence supporting undisclosed legal theory in copyright case) (citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1291–1294 (9th Cir. 2000) (precluding alternate, undisclosed legal theory at summary

Case 8:22-cv-01599-JVS-DFM Document 342 Filed 04/01/24 Page 3 of 8 Page ID #:20092

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SA CV 22-01599 JVS-DFM                    Date   April 1, 2024

Title     MR Technologies, GMBH v. Western Digital Technologies, Inc.

judgment)). Likewise, this may also be true shortly before discovery has closed because, if a plaintiff raises a new theory supporting one of its claims on the eve of the close of discovery, the defendant may be prejudiced where it lacks time to "formulate the discovery it need[s] on the[] new theor[y] and then to serve written discovery requests." Corus Realty Holdings, Inc. v. Zillow Grp., Inc., No. C18-0847-JLR, 2020 WL 488545, at *9 (W.D. Wash. Jan. 30, 2020), aff'd, 860 F. App'x 728 (Fed. Cir. 2021).

Although Courts typically do not require affirmative disclosure of non-infringement theories in patent cases, "the party asserting non-infringement has a duty to amend contention interrogatories in a timely manner." Medtronic Inc. v. Edwards Lifesciences Corp., No. SACV 12-00327-JVS (MLGx), 2013 WL 12131746, at *4 (C.D. Cal. July 24, 2013); see also Fed. R. Civ. P. 26(e). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) is "self-executing" and "automatic." Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Although appellate courts "review every discovery sanction for an abuse of discretion," those courts "give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Id.

III. DISCUSSION

    A.    The New Non-infringement Theories Are Untimely

Here, WD argues that it timely began its testing process on December 26, 2023, days after the Court issued its claim construction ruling. See § I, supra. The process concluded on February 6, 2024 and WD notified MRT of its new non-infringement positions via email the next day. Id. WD also supplemented its interrogatory responses just before the close of fact discovery. Id. For the following reasons, the Court finds WD's disclosure untimely.

First, WD makes no effort to explain how its decision to pursue additional testing relates to the Court's claim construction ruling. Claim construction rulings typically justify an otherwise untimely disclosure only where the Court adopts constructions that significantly diverge from one or both parties' positions. See, Verinata Health, Inc. v. Sequenom, Inc., No. C 12-00865 SI, 2014 WL 78197, at *2 (N.D. Cal. Feb. 26, 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 22-01599 JVS-DFM | Date | April 1, 2024 |
| Title | MR Technologies, GMBH v. Western Digital Technologies, Inc. | | |

Here, it appears that the additional testing is not based on the Court's claim construction ruling. For instance, MRT indicates both parties proposed constructions that required the hard magnetic storage layer to "store information in magnetically oriented bits." Reply at 4. Similarly, the parties did not address the appropriate formula to measure the coercive field during claim construction, as they agreed plain and ordinary meaning applies. Id. at 5. For similar reasons, WD's arguments regarding the "formed on" limitation are unpersuasive. The parties did not request construction of "formed on." Reply at 5.

WD could have begun testing its own products at any point during fact discovery. WD knew this process would take time. See Opp'n at 7 (explaining analysis required "sophisticated testing and measurements [that] could only be performed by a media manufacturer or specialized testing facility"). Still, WD waited until just weeks before the close of fact discovery to begin testing. Accordingly, WD's explanations do not excuse the late testing. The delay is unacceptable, especially because it left MRT without sufficient time to investigate the testing methods and results during the fact discovery period.

Second, the parties agreed to extend the fact discovery cut-off to accommodate other outstanding discovery. See § I, supra. WD never disclosed to MRT that it had ordered additional testing and that it expected the results to come in near the end of the discovery period. See Mot. at 4; Reply at 6. Had it done so, the parties may have agreed to a cut-off period further down the road, allowing MRT a chance to investigate the testing and results during the fact discovery period. WD's failure to disclose the testing while negotiating an extension reflects poorly on WD and undercut's WD's arguments that it acted diligently.

Third, WD's arguments that technically it disclosed its new theories before the close of discovery and that expert discovery is still open are unavailing. For instance, in Apple, Inc. v. Samsung Elecs. Co., the Court found that:

> [B]ecause [Defendant] did not disclose its theories prior to the close of fact discovery, [Plaintiff] did not have the opportunity to conduct additional fact discovery regarding [Defendant]'s new theories. Although expert discovery had not yet concluded, the experts were in effect locked-in to the factual record as of the time fact discovery closed and could not test the factual basis for the newly amended contentions by conducting additional discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 22-01599 JVS-DFM | Date | April 1, 2024 |
| Title | MR Technologies, GMBH v. Western Digital Technologies, Inc. | | |

No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012). Here, WD technically disclosed its new non-infringement theories before fact discovery ended. See § I, supra. Still, the last minute disclosure causes the same types of problems. See Corus Realty Holdings, Inc., 2020 WL 488545, at *9 ("If the court allows [Plaintiff] to engage in this type of litigation practice by withholding its infringement theories until the last possible moment in the discovery period, the court will simply encourage parties to engage in more delay.")[2]

Fourth, WD's decision to undertake new testing cannot fairly be characterized as rebuttal to MRT's anticipated coercive field calculations. WD argues that MRT disclosed new calculations including K and M (anisotropy and magnetization) for the first time in Dr. Re's expert report regarding infringement. See March 18, 2024 Hearing Tr., Docket No. 315 at 6:21-8; Opp'n at 14. WD then argues that opinions based on the new (January) testing are appropriate as anticipating Dr. Re's calculations. Id. MRT responds that it disclosed the formula Dr. Re used to calculate the coercive field in October of 2023. March 18, 2024 Hearing Tr., Docket No. 315 at 25:14-20. At that time, MRT indicated it would update its infringement contentions when it received data for K and M from WD. Opp'n at 12-13. WD produced the K and M data in December of 2023. March 18, 2024 Hearing Tr., Docket No. 315 at 25:23-25. MRT then explains that Dr. Re merely plugged in the values for K and M based on data that WD disclosed. Id. at 25:14-20. Though MRT never formally amended its contentions, it disclosed the calculations to WD in Dr. Re's expert report. See Opp'n at 14. Thus, WD argues that it performed the MOKE testing (in January) based on its expectation that MRT would include these updated calculations in its expert report. The Court finds WD's argument unpersuasive because MRT disclosed the formula it intended to rely upon in October of 2023. The MOKE testing applies a different methodology than the formula MRT disclosed. Thus, the MOKE testing cannot fairly be characterized as a rebuttal to MRT's calculations. WD was aware of the parties' differing opinions regarding the appropriate formula for the coercive field as of October.

---

[2] Though Corus Realty Holdings, Inc. concerned late disclosure of infringement contentions, which N.D. Cal. local patent rules mandate, the reasoning extends to the present situation given WD's obligation to timely amend its interrogatory responses. See § II, supra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 22-01599 JVS-DFM | Date | April 1, 2024 |
| Title | MR Technologies, GMBH v. Western Digital Technologies, Inc. | | |

For the foregoing reasons, the Court finds WD's disclosure untimely.

    B.  The Late Disclosure Is Not Substantially Justified or Harmless

As discussed above, WD's only proffered excuses for the delay, the Court's claim construction ruling and MRT's coercive field calculations, are not persuasive. See § III.A, supra. Thus, WD fails to establish its late disclosure was substantially justified. Additionally, WD's late disclosure appears to harm MRT, at least because MRT was unable to depose technical witnesses about the recent testing. See § I, supra. WD contends the Court can cure any prejudice by allowing MRT to re-depose Dr. Bertero or by allowing MRT's technical expert, Dr. Re, an opportunity to prepare a supplement report. Opp'n at 9. These remedies appear insufficient. For one, Dr. Bertero and Dr. Desai made statements during their depositions indicating that Dr. Bertero may not have a satisfactory level of knowledge concerning how the testing was conducted. See Reply at 5. Moreover, the remedies WD proposes do not allow further fact discovery regarding the testing, which MRT contends it would need to fully cure the late disclosure. See id. at 6.

For these same reasons, the fact that Dr. Re's opening expert report addresses the new non-infringement theories and the fact that MRT deposed both Dr. Desai and Dr. Bertero concerning the new theories does not support WD's position that MRT was not prejudiced. MRT could have explained, more fully, what additional fact discovery it would need to remedy this situation. Still, MRT does argue it was prejudiced by its inability to depose technical witnesses concerning the recent testing. Reply at 6. For at least this reason, the Court finds harm to MRT here.

WD also argues that Dr. Bertero will serve his non-infringement expert report on March 12, 2024 and MRT will have the opportunity to depose him, again, following the issuance of the report. This disclosure comes too late to cure the harm here. As discussed above, the Court already heard the parties' summary judgment motions in this matter. See § I, supra. WD's Motion for Summary Judgment of Non-infringement relied on these newly disclosed theories. Id.

For the foregoing reasons, the Court finds that WD's late disclosure was not substantially justified and that it harmed MRT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 22-01599 JVS-DFM | Date | April 1, 2024 |
| Title | MR Technologies, GMBH v. Western Digital Technologies, Inc. | | |

      C.      Propriety of MRT's Allegedly New Infringement Theories

WD also argues that if the Court excludes WD's new non-infringement arguments, it should, in fairness, exclude MRT's new infringement theories, since both parties disclosed these theories at the tail end of the fact discovery period. Opp'n at 10-17. WD argues MRT last amended its infringement contentions in October of 2023. Opp'n at 5. WD argues that MRT indicated it would amend its contentions after receiving discovery from WD and after the Court's claim construction ruling. Id. WD argues MRT did not further amend its contentions. Id. MRT argues it further amended its contentions via an appendix, served on November 21, 2023. Reply at 8.

WD contends MRT disclosed new infringement theories in its expert report, served February 13, 2024, the day after fact discovery closed. Id. MRT contests that it disclosed any new theories in its expert report. Reply at 8-9. To the extent MRT did advance new theories in its expert report, as opposed to merely providing additional detail, these disclosures would be untimely. See Corus Realty Holdings, Inc., 2020 WL 488545, at *9. The Court does not decide that issue here, however, because WD has not moved to strike these allegedly new theories. Parties must move for the relief they seek. Thus, the Court declines WD's sua sponte invitation to strike MRT's allegedly new theories.

Moreover, MRT's alleged late disclosure of its own infringement theories does not excuse WD's failure to timely disclose its non-infringement theories. See Apple, Inc., 2012 WL 3155574, at *5. As discussed above, WD had full control of the ability to test its own products and does not explain how its decision to test the products relates to the Court's claim construction ruling. See § III.A, supra.

      D.      Alleged Meet and Confer Violation

In its opposition, WD argues, "Plaintiff made no attempt to thoroughly discuss the substance of this motion to strike with WD and as such makes no statement in this motion asserting its compliance with L.R. 7-3." Opp'n at 20. In its Motion and Notice of Motion (Docket No. 235), MRT indicated, "[t]his motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 9, 2024." Thus, the second half

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 22-01599 JVS-DFM | Date | April 1, 2024 |
| Title | MR Technologies, GMBH v. Western Digital Technologies, Inc. | | |

of WD's statement is incorrect. This error is, at best, careless, and at worst, deceptive. Also, though WD challenges the sufficiency of the parties' meet and confer, WD carefully avoids saying the parties did not meet. For these reasons, the Court finds no violation of L.R. 7-3.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** MRT's Motion to Strike.

**IT IS SO ORDERED.**