RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Dale Chang, SBN 248657
dchang@raklaw.com
Paul A. Kroeger, SBN 229074
pkroeger@raklaw.com
12424 Wilshire Boulevard, Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
MR TECHNOLOGIES, GMBH.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MR TECHNOLOGIES, GMBH., | Case No. 8:22-CV-01599-JVS-DFM |
| Plaintiff, | |
| v. | **PLAINTIFF MR TECHNOLOGIES, GMBH'S APPLICATION FOR PREJUDGMENT INTEREST** |
| WESTERN DIGITAL TECHNOLOGIES, INC., | |
| Defendants. | Complaint Filed: August 26, 2022 |
| WESTERN DIGITAL TECHNOLOGIES, INC., | |
| Counterclaimant, | |
| v. | |
| MR TECHNOLOGIES, GmbH., | |
| Counterclaim - Defendant. | |

---

# TABLE OF CONTENTS

I. INTRODUCTION......................................................................................1

II. PREJUDGEMENT INTEREST AT THE CALIFORNIA STATUTORY RATE OF 7% FROM THE DATE OF INFRINGMENT IS REASONABLE AND WARRANTED........................................................1

    A.    Prejudgment Interest is Warranted Here................................................1

    B.    Prejudgment Interest Runs from the Date of Infringement. .................3

    C.    The California Statutory Rate of 7% is Reasonable. ...........................4

III. CALCULATIONS. ...................................................................................5

IV. CONCLUSION. ......................................................................................5

**PLAINTIFF MR TECHNOLOGIES, GMBH'S APPLICATION FOR PREJUDGMENT INTEREST**

**Cases**

*Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*,
  807 F.2d 964 (Fed. Cir. 1986 ...............................................................................3

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
  757 F.Supp. 1101 (S.D. Cal. 1990) .....................................................................4

*Carl Zeiss Vision Int'l GMBH v. Signet Armorlite, Inc.*,
  No. 07-cv-0894 DMS (DHB), 2012 U.S. Dist. LEXIS 105928 (S.D. Cal.
  July 27, 2012 ......................................................................................................4

*EcoServices LLC v. Certified Aviation Services LLC*,
  340 F.Supp.3d 1004 (C.D. Cal 2018).............................................................1, 4

*Gen. Motors Corp. v. Devex Corp.*,
  461 U.S. 648 (1983) .....................................................................................1, 3, 4

*Gyromat Corp. v. Champion Spark Plug Co.*,
  735 F.2d 549 (Fed. Cir. 1984) .............................................................................4

*In re Hayes Microcomputer Prods.*,
  766 F.Supp. 818, 824-25 (N.D. Cal. 1991), aff'd, 982 F.2d 1527 (Fed. Cir.
  1992) ....................................................................................................................4

*Kaufman v. Microsoft Corp.*,
  34 F.4th 1360 (Fed. Cir. 2022).............................................................................2

*Lummus Indus., Inc. v. D.M. & E. Corp.*,
  862 F.2d 267 (Fed. Cir. 1988)..............................................................................3

*Presidio Components Inc. v. Am. Technical Ceramics Corp.*,
  723 F.Supp.2d 1284 (S.D. Cal. 2010) ..................................................................4

*SPEX Technologies, Inc., v. Apricorn, Inc.*,
  2:16-cv-07349-JVS, (Judgment, Dkt. 303) (C.D. Cal, March 23, 2020)........4

*Top Lighting Corporation v. Linco Inc.*,
  No. 5:15-cv-01589-JVS-KK, Judgment on Special Verdict (Dkt. No. 273)
  (C.D. Cal. Jan. 21, 2020)......................................................................................5

U.S. at 656; *Nickson Industries v. Rol Mfg. Co.*,
  847 F.2d 795 (Fed. Cir. 1988)..............................................................................3

**Statutes**

35 U.S.C. § 284 ........................................................................................................1, 2

RUSS, AUGUST & KABAT

## I. INTRODUCTION.

Plaintiff MR Technologies, GmbH. ("MR Tech") hereby requests prejudgment interest at a rate of 7% simple interest, from the date of infringement (March 2018) until the estimated entry of judgment, on August 2, 2024[1], for a total amount of **$116,665,300**, the amount calculated in the Declaration of Jim W. Bergman In Support of Plaintiff MR Tech's Application For Prejudgment Interest ("Bergman Decl."), filed herewith.

MR Tech's concurrently-filed Request for Judgment and proposed Judgment request the same.

## II. PREJUDGEMENT INTEREST AT THE CALIFORNIA STATUTORY RATE OF 7% FROM THE DATE OF INFRINGMENT IS REASONABLE AND WARRANTED.

### A. Prejudgment Interest is Warranted Here.

In patent cases, "[u]pon a finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, ***together with interest*** and costs as fixed by the court." 35 U.S.C. § 284 (emphasis added). Prejudgment interest is "necessary to ensure the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty rate." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 648 (1983). Albeit discretionary, "prejudgment interest should be awarded under [35 U.S.C.] § 284 absent some justification for withholding such an award." *Id.* at 656.

While the Supreme Court in *Gen. Motors Corp.* noted that undue delay in prosecution could justify a denial of prejudgment interest, such a delay must be accompanied by evidence of "litigation tactic" or prejudice to the defendant. *See EcoServices LLC v. Certified Aviation Services LLC*, 340 F.Supp.3d 1004, 1032

---

[1] To the extent judgment is entered after August 2, 2024, per-day interest at the 7% California statutory rate is $50,184 per day.

(C.D. Cal 2018).

Here, prejudgment interest is appropriate pursuant to 35 U.S.C. § 284. There is no evidence that MR Tech delayed in bringing suit. The patents-in-suit issued in March 2018 and October 2021. *See* JX2000, JX2001. MR Tech filed this lawsuit August 26, 2022, after filing an earlier case asserting the patents-in-suit in the Western District of Texas in June 2022, which was re-filed in this case. Dkt. 1; *MR Technologies, GmbH v. Western Digital Corporation*, 6:22-cv-00612, Dkt. 1 (Western District Texas, June 13, 2022); *Kaufman v. Microsoft Corp*., 34 F.4th 1360, 1375 (Fed. Cir. 2022) (reversing as an abuse of discretion District Court denial of prejudgment interest after alleged five year delay). Dieter Suess, the inventor of the patents-in-suit, contacted Western Digital soon after issuance of its patent in January 2019. Dkt. 208, Exs. 6, 7 ("offer[ing] this IP to WDC, first" and WD responding by referring Dr. Suess to WD's legal counsel) Thereafter, MR Tech continued communicating with Western Digital through counsel beginning in September 2021, and agreed with Western Digital on a standstill to facilitate negotiations of this claim. Dkt. 208, Exs. 4, 5. Soon thereafter, in June 2022, MR Tech filed suit against Western Digital.

Even assuming some delay (and there was none), there is no evidence that any delay was used as a litigation tactic or was prejudicial to Western Digital. *Kaufman*, 34 F.4th at 1375 (recognizing that limiting prejudgment interest due to undue delay requires a showing delay was a "litigation tactic" and/or prejudiced the defendant). It is undisputed that Western Digital has no noninfringing alternatives it could implement. *Id*. (reversing denial of prejudgment interest, noting defendant identified no noninfringing alternatives it could have implemented); Trial Day 6 PM Transcript (July 24, 2024) at 61:12-20 (Western Digital's damages expert, Dr. Becker agreeing that Western Digital identified no noninfringing alternatives). Western Digital also has not advanced any argument in motions or at trial, or during a bench trial phase, of laches, prosecution laches, equitable estoppel, or any other claim of relief based

RUSS, AUGUST & KABAT

on alleged delay. *See Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988)("It is clear from *General Motors* that the withholding of prejudgment interest based on delay is the exception, not the rule…Here the district court held that the evidence was insufficient to establish laches… absent prejudice to the defendants, any delay by [plaintiff] does not support the denial of prejudgment interest") There is no basis to invoke the limited exception to the rule requiring prejudgment interest from the date of first infringement, and interest from that date should be awarded in this case.

### B. Prejudgment Interest Runs from the Date of Infringement.

Prejudgment interest should be awarded from the time infringement began until the entry of judgment. *See, e.g.*, *Gen. Motors Corp.* 461 U.S. at 656; *Nickson Industries v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988); *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986). Here, it was undisputed at trial that the date of first infringement is the issue date of U.S. Patent No. 9,928,864 on March 27, 2018. *See, e.g.*, JX2000, JX2001, Trial Day 4 AM Transcript (July 19, 2024) at 48:7-16 (MR Tech's damages expert Mr. Bergman testifying the damages period begins March 2018); Trial Day 6 PM Transcript (July 24, 2024) at 58:7-10 (Western Digital's damages expert, Dr. Becker agreeing with MR Tech's March 2018 date of hypothetical negotiation). It was also undisputed at trial that damages took the form of a lump sum amount payable on the date of the hypothetical negotiation. Trial Day 4 AM Transcript (July 19, 2024) at 44:23-45:15 (MR Tech's damages expert Mr. Bergman testifying that damages would be in the form of a lump sum that fully paid damages up-front at the March 2018 hypothetical negotiation), 114:2-9 (same); Trial Day 6 PM Transcript (July 24, 2024) at 58:3-6 (Western Digital's damages expert, Dr. Becker agreeing with MR Tech's lump sum form of royalty). A jury verdict in this case was reached on July 26, 2024 and entered on July 30, 2024. Dkt. 574. MR Tech estimates the accompanying Request for Judgment and Proposed Judgment will be entered as

RUSS, AUGUST & KABAT

early as August 2, 2024. Thus, the period of prejudgment interest should be from March 27, 2018 to August 2, 2024, or alternatively, the date of entry of judgment.

## C. The California Statutory Rate of 7% is Reasonable.

The district court has "substantial discretion" to determine the interest rate in patent infringement cases. *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549 (Fed. Cir. 1984). "In exercising that discretion, however, the district court must be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" *Bio-Rad Labs.*, 807 F.2d at 969 (quoting *Gen. Motors Corp.* 461 U.S. at 655).

Here, MR Tech requests that the rate for prejudgment interest match the California state statutory rate of 7%. *See* Cal. Const., art. XV, § 1. As one court in this District stated, "the state statutory rate of seven percent is more likely to put Plaintiff in the position it would have been had Defendant entered into a reasonable royalty rate agreement." *EcoServices* 340 F.Supp.3d at 1033. Furthermore, numerous other courts in the Ninth Circuit have applied the California statutory rate of 7% as the appropriate rate to fully compensate the plaintiff for infringement. *See, e.g., Carl Zeiss Vision Int'l GMBH v. Signet Armorlite, Inc.*, No. 07-cv-0894 DMS (DHB), 2012 U.S. Dist. LEXIS 105928, at *7-8 (S.D. Cal. July 27, 2012); *Presidio Components Inc. v. Am. Technical Ceramics Corp.*, 723 F.Supp.2d 1284, 1330 (S.D. Cal. 2010) ("California courts have found that a simple interest rate of 7% is usually appropriate to fully compensate the plaintiff for the infringement"); *In re Hayes Microcomputer Prods.*, 766 F.Supp. 818, 824-25 (N.D. Cal. 1991), aff'd, 982 F.2d 1527 (Fed. Cir. 1992); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F.Supp. 1101, 1103 (S.D. Cal. 1990).This Court has recently awarded the 7% statutory rate. *SPEX Technologies, Inc., v. Apricorn, Inc.*, 2:16-cv-07349-JVS, (Judgment, Dkt. 303) (C.D. Cal, March 23, 2020) at ¶6 ("SPEX is hereby awarded pre-judgment interest applicable to all sums awarded herein, at an annual rate of 7%,

RUSS, AUGUST & KABAT

4

PLAINTIFF MR TECHNOLOGIES, GMBH'S APPLICATION FOR PREJUDGMENT INTEREST

from the date of infringement…")[2]  Accordingly, MR Tech submits that the Court should award prejudgment interest at the statutory rate of 7% simple interest.

## III.   CALCULATIONS.

The attached Bergman Declaration states that prejudgment interest on the damages award of $262,388,800, from March 27, 2018 to August 2, 2024, at 7% simple interest, is **$116,665,300**, calculated as follows:[3]

| | Interest Start Date | Interest Payment Date | Annual Rate | Royalty | Interest Earned in Period | Cumulative Interest |
|---|---|---|---|---|---|---|
| [A] | 3/27/2018 | 12/31/2018 | 7.00% | $262,388,800 | $14,089,919 | $14,089,919 |
| | 1/1/2019 | 12/31/2019 | 7.00% | | 18,367,216 | 32,457,135 |
| | 1/1/2020 | 12/31/2020 | 7.00% | | 18,367,216 | 50,824,351 |
| | 1/1/2021 | 12/31/2021 | 7.00% | | 18,367,216 | 69,191,567 |
| | 1/1/2022 | 12/31/2022 | 7.00% | | 18,367,216 | 87,558,783 |
| | 1/1/2023 | 12/31/2023 | 7.00% | | 18,367,216 | 105,925,999 |
| | 1/1/2024 | 8/2/2024 | 7.00% | | 10,739,301 | 116,665,300 |
| | Totals | | | $262,388,800 | $116,665,300 | |

| | | |
|---|---|---|
| | **Total prejudgment interest** | **$116,665,300** |
| | **Total due with prejudgment interest** | **$379,054,100** |
| [B] | **2024 Interest Per Day** | **$50,184** |

## IV.   CONCLUSION.

MR Tech requests prejudgment interest at a rate of 7% simple interest, from the date of infringement, on March 27, 2018, until the date of expected entry of judgement, on August 2, 2024, for a total amount of **$116,665,300**.

Respectfully submitted,

Dated:   August 2, 2024                  **RUSS AUGUST & KABAT**

By:   _/s/ Marc Fenster_

---

[2] MR Tech notes that the Court awarded a plaintiff prejudgment interest at a rate of 10% in another recent patent case. *See Top Lighting Corporation v. Linco Inc.*, No. 5:15-cv-01589-JVS-KK, Judgment on Special Verdict (Dkt. No. 273) at 3:22-42 (C.D. Cal. Jan. 21, 2020).

[3] To the extent judgment is entered after August 2, 2024, the Bergman Declaration calculates per-day interest at the 7% California statutory rate is $50,184 per day.

Marc A. Fenster, SBN 181067
Paul A. Kroeger, SBN 229074
Dale Chang, SBN 248657
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
MR TECHNOLOGIES, GMBH.

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF MR TECHNOLOGIES, GMBH'S APPLICATION FOR PREJUDGMENT INTEREST**

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify pursuant to the Federal Rules of Civil Procedure and LR 5-3 and 5-4 that **PLAINTIFF MR TECHNOLOGIES, GmbH'S APPLICATION FOR PRE-JUDGMENT INTEREST** was served upon the attorney(s) of record for each party through the ECF system as identified on the Notice of Electronic Filing on August 2, 2024.

/s/ *Marc A. Fenster*
Marc A. Fenster

**PLAINTIFF MR TECHNOLOGIES, GMBH'S APPLICATION FOR PREJUDGMENT INTEREST**