1  Douglas E. Lumish, SBN 183863
      doug.lumish@lw.com
2  Richard G. Frenkel, SBN 204133
      rick.frenkel@lw.com
3  Patricia Young, SBN 291265
      patricia.young@lw.com
4  Linfong Tzeng, SBN 281798
      linfong.tzeng@lw.com
5  Chaarushena Deb SBN 342764
      chaaru.deb@lw.com
6  LATHAM & WATKINS LLP
7  140 Scott Drive
   Menlo Park, CA 94025
8  Telephone: (650) 328-4600
   Facsimile: (650) 463-2600
9
10 Joseph H. Lee, SBN 248046
      joseph.lee@lw.com
11 LATHAM & WATKINS LLP
   650 Town Center Drive, 20th Floor
12 Costa Mesa, CA 92626
   Telephone: (714) 540-1235
13
14 Attorneys for Defendant and Counterclaim Plaintiff
   Western Digital Technologies, Inc.

15              UNITED STATES DISTRICT COURT

16           FOR THE CENTRAL DISTRICT OF CALIFORNIA

17 MR TECHNOLOGIES, GMBH,            CASE NO. 8:22-cv-01599-JVS-DFM

18        Plaintiff and              Judge:  District Judge James V. Selna
          Counterclaim Defendant,
19                                   Magistrate Judge Douglas F. McCormick
20 vs.
                                     WESTERN DIGITAL
21 WESTERN DIGITAL                   TECHNOLOGIES, INC.'S
   TECHNOLOGIES, INC.,               RESPONSE TO PLAINTIFF MR
22                                   TECHNOLOGIES, GMBH'S
                                     APPLICATION FOR
23        Defendant and             PREJUDGMENT INTEREST
          Counterclaim Plaintiff.
24
25                                   Complaint Filed:  August 26, 2022
26
27
28

1   Sarah W. Wang (admitted *pro hac vice*)
      sarah.wang@lw.com
2   LATHAM & WATKINS LLP
    330 North Wabash Avenue, Suite 2800
3   Chicago, IL 60611
    Telephone: (312) 876-7642
4
5   Steve Hanle, SBN 168876
      shanle@stradlinglaw.com
6   Salil Bali, SBN 263001
      sbali@stradlinglaw.com
7   Ahmad S. Takouche, SBN 322911
      atakouche@stradlinglaw.com
8   STRADLING YOCCA CARLSON & RAUTH LLP
    660 Newport Center Drive, Suite 1600
9   Newport Beach, CA 92660-6422
    Telephone:  (949) 725 4000
10  Facsimile:  (949) 725 4100
11
    Henning Schmidt (admitted *pro hac vice*)
12    hschmidt@stradlinglaw.com
    STRADLING YOCCA CARLSON & RAUTH LLP
13  500 W. 2nd St., Suite 1900
    Austin, TX 78701
14  Telephone: (512) 788-5018

15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION...................................................................................1

II.     LEGAL STANDARDS............................................................................1

III.    THE COURT SHOULD LIMIT MRT'S EXCESSIVE
        PREJUDGMENT INTEREST REQUEST ................................................2

        A.    The Court Should Limit Prejudgment Interest for the '864
              Patent Due to MRT's Undue Delay in Filing Suit................................3

        B.    The Court Should Adopt the T-Bill Rate in Accordance
              with Ninth Circuit Precedent..................................................................6

              1.    The T-Bill Rate Is A More Appropriate Interest Rate...............6

              2.    Alternatively, This Court Should Use the Prime Rate
                    Compounded Annually As It Did In Another Recent
                    Case...........................................................................................9

              3.    Alternative Prejudgment Interest Calculations.......................10

        C.    The Court Should Reject MRT's Requested 7% Rate As a
              Windfall That Lacks Any Economic Basis or
              Compensatory Rationale .......................................................................10

              1.    MRT's Prejudgment Request Is Punitive, Not
                    Compensatory..........................................................................10

              2.    MRT Provided No Evidence That it Would Borrow
                    Money at 7%.............................................................................11

IV.     CONCLUSION .....................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
   960 F.3d 1020 (Fed. Cir. 1992) ...........................................................................3

*Accentra Inc. v. Staples, Inc.*,
   851 F. Supp. 2d 1205 (C.D. Cal. 2011), *rev'd in part on other
   grounds*, 500 F. App'x 922 (Fed. Cir. 2013).........................................................7

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
   605 F.3d 1305 (Fed. Cir. 2010) ...........................................................................5

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
   757 F. Supp. 1101 (S.D. Cal. 1990) .....................................................................8

*Carl Zeiss Vision In'tl GmbH v. Signet Armorlite, Inc.*,
   No. 07-cv-0894-DMS (DHB), Dkt. 1558 (S.D. Cal. July 27, 2012)....................8

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
   No. CIV.A. 09-290, 2014 WL 1320154 (W.D. Pa. Mar. 31, 2014),
   *rev'd in part on other grounds, vacated in part*, 807 F.3d 1283 (Fed.
   Cir. 2015)..............................................................................................................4

*Cave Consulting Grp., LLC v. Optuminsight, Inc.*,
   No. 5:11-cv-00469, 2016 WL 4658979 (N.D. Cal. Sept. 7, 2016) ...............8, 11

*Comcast Cable Comm'ns, LLC v. Sprint Comm'ns Co., LP*,
   262 F. Supp. 3d 118 (E.D. Pa. 2017)....................................................................8

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001) ....................................................................2, 3, 4

*Datascope Corp. v. SMEC, Inc.*,
   879 F.2d 820 (Fed. Cir. 1989) ..........................................................................2, 6

*Deckers Outdoor Corp. v. ShoesScandal.com LLC*,
   No. CV 12-7382, 2013 WL 6185203 (C.D. Cal. Nov. 25, 2013) .........................7

*Droplets, Inc. v. Yahoo! Inc.*,
   658 F. Supp. 3d 754 (N.D. Cal. 2023)..................................................................9

ii

*EcoServices, LLC v. Certified Aviation Servs.*, *LLC*,
    340 F. Supp. 3d 1004 (C.D. Cal. 2018), *aff'd in part, vacated in
    part, remanded on other grounds*, 830 F. App'x 634 (Fed. Cir. 2020)...............8

*Enzo Biochem, Inc. v. Applera Corp.*,
    Civ. No. 3:04cv929, 2014 WL 29126 (D. Conn. Jan. 3, 2014)...........................7

*Gen. Motors Corp. v. Devex Corp.*,
    461 U.S. 648 (1983) ...............................................................................1, 2, 7

*Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc.*, No. 2:21-
    cv-04758, 2023 WL 4203491 (C.D. Cal. Apr. 28, 2023).....................................9

*Juno Therapeutics, Inc. v. Kite Pharma, Inc.*,
    No. 2:17-cv-07639, 2020 WL 2844410 (C.D. Cal. April 2, 2020) .....................8

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
    198 F. Supp. 3d 1089 (C.D. Cal. 2016).......................................................*passim*

*Kaufman v. Microsoft Corp.*,
    34 F.4th 1360 (Fed. Cir. 2022) .............................................................................5

*Laitram Corp. v. NEC Corp.*,
    115 F.3d 947 (Fed. Cir. 1997) ..................................................................8, 11, 12

*Lummus Indus., Inc. v. D.M. & E. Corp.*,
    862 F.2d 267 (Fed. Cir. 1988) ...............................................................................6

*Maxwell v. Angel-Etts of Cal.*,
    No. CV991051DT, 2001 WL 34133507 (C.D. Cal. Jul. 9, 2001).......................7

*Minemyer v. R-Boc Representatives, Inc.*,
    No. 07 C 1763, 2012 WL 2423102 (N.D. Ill. June 26, 2012), *aff'd*,
    515 F. App'x 897 (Fed. Cir. 2013).......................................................................4

*Mondis Tech. Ltd. v. LG Elecs., Inc.*,
    No. CV-15-4431, 2023 WL 3749992 (D.N.J. June 1, 2023) .......................2, 12

*Oiness v. Walgreens Co.*,
    88 F.3d 1025 (Fed. Cir. 1996) .........................................................................2, 11

*Pavo Sols. LLC v. Kingston Tech. Co., Inc.*,
    No. 8:13-cv-1352, 2021 WL 1912392 (C.D. Cal. Mar. 16, 2021) ................2, 10

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
  723 F. Supp. 2d 1284 (S.D. Cal. 1991), *aff'd in part, vacated in part
  on other grounds*, 702 F.3d 1351 (Fed. Cir. 2012)................................................8

*Radware, Ltd. v. F5 Networks, Inc.*,
  No. 5:13-cv-02024, 2016 WL 4427490 (N.D. Cal. Aug. 22, 2016)..............8, 11

*Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*,
  707 F. Supp. 2d 737 (N.D. Ohio 2010) .................................................................4

*SCA Hygiene Prods. AB v. First Quality Baby Prods., LLC*,
  580 U.S. 328 (2017) .............................................................................................5

*SEC v. Platform Wireless Int'l Corp.*,
  617 F.3d 1072 (9th Cir. 2010) ....................................................................1, 2, 6, 7

*SPEX Techs. Inc. v. Apricorn, Inc.*,
  No. 2:16-cv-07349, 2020 WL 5491693 (C.D. Cal Mar. 23, 2020) ......................9

*Tannas v. Multichip Display, Inc.*,
  No. 15-282, 2018 WL 1033219 (C.D. Cal. Feb. 21, 2018)................................12

*Transmatic, Inc. v. Gulton Indus., Inc.*,
  180 F.3d 1343 (Fed. Cir. 1999) .............................................................................6

*Verinata Health, Inc. v. Ariosa Diag., Inc.*,
  809 F. App'x 965 (Fed. Cir. 2020)........................................................................2

**STATUTES**

28 U.S.C. § 1961 .......................................................................................................6

Western Digital Technologies, Inc. ("Western Digital") opposes plaintiff MR Technologies, GmbH's ("MRT's") application for prejudgment interest (Dkt. 579-1).

## I.    Introduction

The Court should exercise its discretion to limit MRT's request for $116,665,300 in prejudgment interest.  MRT strategically delayed asserting the '864 patent and now seeks *nearly half* of the jury's full damages award in interest—an unjustified windfall.  MRT's request for a 7% interest rate exceeds full compensation.

Western Digital respectfully requests that the Court instead adopt the Treasury Bill ("T-Bill") rate,[1] compounded annually, as more aligned with the circumstances and equities presented by this case.  In this Circuit, the T-Bill rate is "[o]rdinarily … used for the calculation of prejudgment interest unless the equities of a particular case demand a different rate."  *SEC v. Platform Wireless Int'l Corp.*, 617 F.3d 1072, 1099 (9th Cir. 2010) (internal quotation omitted).  MRT does not even try to justify its requested departure.  The T-Bill rate—or alternatively, the prime rate—should apply.

Further, after learning about Western Digital's alleged infringement of the '864 patent, MRT waited over three-and-a-half years before seeking relief.  The '864 patent issued in March 2018, but MRT waited until after the other patent-in-suit—the '997 patent—issued in October 5, 2021, to pursue its infringement claims in earnest. Therefore, the Court should award prejudgment interest for the '864 patent starting on the latter date.[2]

## II.    Legal Standards

The law does not "requir[e] the award of prejudgment interest whenever infringement is found."  *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656 (1983). "For example, it may be appropriate to limit prejudgment interest, or perhaps [] deny

---

[1] In the attached declaration, Dr. Becker uses the 1-Year T-Bill rate, as published by the Federal Reserve, applicable on the first date of each interest period.

[2] Western Digital does not dispute that prejudgment interest for the '997 patent should run from October 5, 2021.

it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Id.* at 657; *see also Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1362 (Fed. Cir. 2001) (affirming denial of prejudgment interest where plaintiff delayed filing suit as a litigation tactic); *Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1124 (C.D. Cal. 2016) (denying plaintiff's request for prejudgment interest on earlier-issued patent where "delay caused the damages … to escalate"); *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. CV-15-4431, 2023 WL 3749992, at *12 (D.N.J. June 1, 2023) (denying prejudgment interest for period of patentee's delay in filing suit). The trial court is afforded wide discretion in assessing prejudgment interest. *See Gen. Motors*, 461 U.S. at 656-57.

Where prejudgment interest is awarded, it must "serve[] compensatory, not punitive purposes." *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, No. 8:13-cv-1352, 2021 WL 1912392, at *1 (C.D. Cal. Mar. 16, 2021) (citing *Oiness v. Walgreens Co.*, 88 F.3d 1025, 1003 (Fed. Cir. 1996)). To do so, the Ninth Circuit "ordinarily" applies the T-Bill rate "unless the equities of a particular case demand a different rate." *Platform Wireless*, 617 F.3d at 1099. The Federal Circuit applies regional circuit law to prejudgment interest in the patent litigation context and has upheld the T-Bill rate as adequately compensating the patent owner. *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 829 (Fed. Cir. 1989); *see also Verinata Health, Inc. v. Ariosa Diag., Inc.*, 809 F. App'x 965, 976 (Fed. Cir. 2020).

**III.    The Court Should Limit MRT's Excessive Prejudgment Interest Request**

MRT's prejudgment interest request is excessive because: (a) MRT unduly delayed filing suit on the '864 patent for over three-and-a-half years; (b) MRT does not justify departing from the "ordinar[y]" T-Bill rate (*Platform Wireless*, 617 F.3d at 1099) that would provide more than adequate compensation; and (c) MRT's proposed 7% rate is unsupported and punitive. Prejudgment interest should be limited for any or all of these reasons.

1
2
### A.    The Court Should Limit Prejudgment Interest for the '864 Patent Due to MRT's Undue Delay in Filing Suit

3    The Court should deny MRT's request for prejudgment interest for the '864
4    patent due to undue, tactical, and prejudicial delay in bringing suit. *Crystal*, 246 F.3d
5    at 1361-62. "The period of delay is measured from the time the plaintiff knew or
6    reasonably should have known of the defendant's alleged infringing activities to the
7    date of suit." *Kaneka*, 198 F. Supp. 3d at 1117, 1125-26 (quoting *A.C. Aukerman Co.*
8    *v. R.L. Chaides Constr. Co.*, 960 F.3d 1020, 1032 (Fed. Cir. 1992)).

9    The application that would issue as the '864 patent was filed in 2006. By 2012,
10   Dr. Suess—the named inventor of the patents-in-suit and eventual sole beneficiary of
11   MRT, 7/17/24 Trial Tr. Vol. II at 27:7-14—believed "there might be possible
12   infringement" by Western Digital. Frenkel Decl. Ex. 1 (Suess Dep. Tr. at 292:17-18,
13   294:15-16, discussing the '864 patent). The '864 patent eventually issued on March
14   27, 2018.

15   In January 2019, more than a year before MRT was formed and roughly three-
16   and-a-half years before MRT was assigned the '864 patent, Dr. Suess contacted
17   Western Digital regarding the '864 patent. Dkt. 207, Ex. 7. Western Digital promptly
18   responded. Dkt. 207, Ex. 6. Far from MRT's representation that there was "continued
19   communicati[on]," Dkt. 579-1 at 2, Western Digital's records indicate that it heard
20   nothing until September 17, 2021—32 months later. Frenkel Decl. Ex. 2. The '997
21   patent[3] subsequently issued on October 5, 2021, and the parties agreed to a brief
22   standstill from October 24, 2021 through January 31, 2022. Dkt. 207, Ex. 4. MRT
23   did not file this action for an additional 4.5 months, asserting both patents (and two
24   other patents later withdrawn) on June 13, 2022.[4] Rather than timely assert the '864

25   _____

26   [3] Western Digital does not ask the Court to deny MRT's request for prejudgment
27   interest for the '997 patent due to undue delay.

28   [4] MRT filed its complaint in the Western District of Texas initially, but then dismissed
     that case without prejudice and refiled in this Court on August 26, 2022.

patent, MRT laid in wait for three-and-a-half years and until another patent issued, all as potential damages accumulated.  Such undue delay warrants denying MRT's request for prejudgment interest for the '864 patent.

MRT's delay here is comparable to the self-serving and prejudicial delay warranting preclusion of prejudgment interest in *Crystal Semiconductor*, 246 F.3d 1336.  In *Crystal Semiconductor*, the Federal Circuit affirmed a lower court's denial of prejudgment interest where the plaintiff identified potential infringement and contacted potential defendants, but waited two years to file suit, causing the damages "to escalate." 246 F.3d at 1362.  Here, too, the years-long delay following initial communications indicates a self-serving litigation tactic.

Courts have repeatedly denied prejudgment interest in similar circumstances for similar periods of delay.  *See Kaneka*, 198 F. Supp. 3d at 1124 (finding patentee's four-year delay in filing suit for infringement unfairly allowed the damages owed to escalate and denying prejudgment interest); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2014 WL 1320154, at *7 (W.D. Pa. Mar. 31, 2014) (denying prejudgment interest because the "requested prejudgment interest on this award has increased significantly because of the lengthy time period of time wherein [the plaintiff] took no affirmative action to protect its rights"), *rev'd in part on other grounds, vacated in part*, 807 F.3d 1283 (Fed. Cir. 2015); *Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 707 F. Supp. 2d 737, 766-67 (N.D. Ohio 2010) (denying prejudgment interest because plaintiff waited four years to bring suit despite knowing of infringing activity and "fail[ed] to offer any justification (or even explanation) for this substantial delay"); *Minemyer v. R-Boc Representatives, Inc.*, No. 07 C 1763, 2012 WL 2423102, at *4 (N.D. Ill. June 26, 2012) (denying prejudgment interest because it is "unfair for the meter to run on the defendant's tab due to the plaintiff's conduct"), *aff'd*, 515 F. App'x 897 (Fed. Cir. 2013).

MRT's delay also prejudiced Western Digital.  Between 2019 to 2022, Western Digital released multiple versions of the accused products containing successive

4

1    versions of the media later accused by MRT.  Dkt. 395-8 at 225-228 (listing product

2    units by date); JX-2124 & JX-2125 (showing, for example, that "ArmorATD" was not

3    sold prior to 2019); PTX-717; *see also* PTX-716 (supporting data for PTX-717).  Dr.

4    Suess and MRT's tactical decision ensured that Western Digital would continue

5    developing products, releasing new generations of products, and increasing sales

6    before MRT was required to articulate its infringement theory.  *See Aspex Eyewear,*

7    *Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1312 (Fed. Cir. 2010) (finding prejudice

8    in the context of equitable estoppel based on "[defendant's] development of its

9    [relevant] business, in reliance on [plaintiff's] silence").

10           MRT relies primarily on *Kaufman v. Microsoft Corp.* to argue that its delay was

11   not undue because Western Digital did not rely on non-infringing alternatives and

12   MRT's delay was not a "litigation tactic."  Dkt. 579-1 at 2-3 (citing *Kaufman*, 34 F.4th

13   1360, 1375 (Fed. Cir. 2022)).  Unlike *Kaufman*, however, Western Digital's prejudice

14   from MRT's and Dr. Suess's undue delay does not come solely from the possibility

15   of pursuing non-infringing alternatives.  Further, it is undisputed that Dr. Suess knew

16   of Western Digital's potential infringement soon after (if not years before) the patent

17   issued.  Rather than pursue infringement, he delayed for years, forming MRT (a new

18   entity held in trust by a law firm) before pursuing his claims.  7/17/24 Trial Tr. Vol.

19   II at 27:7-14; Frenkel Decl. Ex. 1 (Suess Dep. Tr. at 294:15-16).

20           MRT also argues there is no basis for withholding prejudgment interest here

21   because Western Digital has not yet advanced arguments based on laches, prosecution

22   laches, equitable estoppel, or any other claim of relief based on alleged delay.  Dkt.

23   579-1 at 2-3.  However, a determination of undue delay for purposes of limiting

24   prejudgment interest does not necessitate a parallel determination of laches—

25   especially since laches has not been a defense to patent infringement since 2017.  *SCA*

26   *Hygiene Prods. AB v. First Quality Baby Prods., LLC*, 580 U.S. 328, 337 (2017).  In

27   *Kaneka,* a pre-*SCA Hygiene* case, a court in this district concluded that a patentee's

28   delay in bringing suit was not so severe that it allowed a competitor to prevail in its

5

laches defense, yet denied prejudgment interest as to the earlier-issued of two asserted patents because "[t]he [plaintiff's] four-year delay in initiating the present suit … likely caused damages owed by Defendants to escalate" "result[ing] in prejudice to Defendants." *Kaneka*, 198 F. Supp. 3d at 1124.[5]  Despite the plaintiff arguing that the defendants "would have continued to infringe the patent irrespective of the lawsuit"— i.e., that it had no available non-infringing alternatives—the *Kaneka* court noted that, regardless, "the relevant damages periods could have been markedly different had Kaneka filed suit when it was first aware of a possible claim for infringement." *Id.* So too here.

By idly sitting on its claim for over three-and-a-half years, MRT has racked up what it contends should total more than $116 million of additional interest, to the prejudice of Western Digital.  If the Court decides to award prejudgment interest, Western Digital respectfully requests that the Court deny MRT's request for prejudgment interest starting at the March 27, 2018 date of issuance of the '864 patent, and instead grant prejudgment interest starting with the October 5, 2021 date of issuance of the '997 patent.

**B.     The Court Should Adopt the T-Bill Rate in Accordance with Ninth Circuit Precedent**

1.     <u>**The T-Bill Rate Is A More Appropriate Interest Rate**</u>

Regional circuit law applies when determining the appropriate rate for prejudgment interest. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1348 (Fed. Cir. 1999).  In the Ninth Circuit, "[o]rdinarily, 28 U.S.C. § 1961," the T-Bill rate, "is to be used for the calculation of prejudgment interest unless the equities of a particular case demand a different rate." *Platform Wireless*, 617 F.3d at 1099 (internal quotation omitted).  The Federal Circuit has taken the same approach. *Datascope*,

---

[5] *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267 (Fed. Cir. 1988), cited by MRT, is distinguishable.  In *Lummus*, the district court found undue delay without having considered whether it constituted prejudice at all. *Id.* at 275.

1    879 F.2d at 829 ("[W]e are unconvinced here that the Treasury Bill rate of section

2    1961 fails to 'adequately compensate' [plaintiff]").

3        Here, the Court should apply the "ordinar[y]" T-Bill rate, *Platform Wireless*,

4    617 F.3d at 1099, which is more than sufficient to compensate MRT for "the forgone

5    use of the money between the time of infringement and the date of the judgment,"

6    *Gen. Motors*, 461 U.S. at 656.   MRT has not shown that "the equities of [this]

7    particular case demand a different rate," *Platform Wireless*, 617 F.3d at 1099, instead

8    asserting without support that its proposed higher rate is "[r]easonable."   Dkt. 579-1

9    at 4-5.   Under governing precedent, that is insufficient.   *See Platform Wireless*, 617

10   F.3d at 1099.   For that reason alone, the Court should adopt the ordinary T-Bill rate.

11       Moreover, the equities of this particular case run contrary to awarding a higher

12   rate than the T-Bill rate.   MRT strategically delayed bringing this suit to the prejudice

13   of Western Digital (*supra* at 3-5); MRT is a non-practicing entity that has not indicated

14   a need to borrow at its demanded, higher 7% rate (*infra* at 12); and the amount

15   calculated pursuant to MRT's 7% rate would result in a windfall when applied on top

16   of an already-large jury verdict (*infra* at 10-11).   *See also Enzo Biochem, Inc. v.*

17   *Applera Corp.*, Civ. No. 3:04cv929, 2014 WL 29126, at *4 (D. Conn. Jan. 3, 2014)

18   (declining to apply a rate higher than the T-Bill rate because "delay is grounds for

19   limiting prejudgment interest" even absent prejudice).   Accordingly, to the extent

20   MRT is entitled to prejudgment interest, the Court should apply the T-Bill rate.

21       Courts in this District routinely award prejudgment interest at the T-Bill rate in

22   patent cases, especially where, as here, the plaintiff offers no rationale for a higher

23   rate*.  See, e.g., Accentra Inc. v. Staples, Inc*., 851 F. Supp. 2d 1205, 1241 (C.D. Cal.

24   2011) ("[a]bsent substantial evidence to the contrary, the Court will apply the [T-Bill]

25   rate"), *rev'd in part on other grounds*, 500 F. App'x 922 (Fed. Cir. 2013); *Deckers*

26   *Outdoor Corp. v. ShoesScandal.com LLC*, No. CV 12-7382, 2013 WL 6185203, at *4

27   (C.D. Cal. Nov. 25, 2013) (similar); *Maxwell v. Angel-Etts of Cal.,* No. CV991051DT,

28   2001 WL 34133507, *27-28 (C.D. Cal. Jul. 9, 2001) (awarding interest at the T-Bill

1    rate).  Likewise, courts apply the T-Bill rate in patent cases where, as here, the patentee

2    fails to show it borrowed (or tried to borrow) at a higher rate during the damages

3    period.  *See, e.g.*, *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. 2:17-cv-07639,

4    2020 WL 2844410, at *5-6 (C.D. Cal. April 2, 2020) (citing *Laitram Corp. v. NEC*

5    *Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997)); *Comcast Cable Comm'ns, LLC v. Sprint*

6    *Comm'ns Co., LP*, 262 F. Supp. 3d 118, 149 (E.D. Pa. 2017) (rejecting Pennsylvania

7    statutory 6% rate in favor of "[t]he T-Bill rate[, which] has been accepted and

8    employed in many courts in patent cases as a reasonable method of placing a patent

9    owner in a position equivalent to where it would have been had there been no

10   infringement"); *Cave Consulting Grp., LLC v. Optuminsight, Inc.*, No. 5:11-cv-00469,

11   2016 WL 4658979, at *25 (N.D. Cal. Sept. 7, 2016); *Radware, Ltd. v. F5 Networks,*

12   *Inc.*, No. 5:13-cv-02024, 2016 WL 4427490, at *12 (N.D. Cal. Aug. 22, 2016).  Here,

13   too, this Court should apply the T-Bill rate, as MRT offers no rationale for a higher

14   rate and does not contend that it borrowed (or tried to borrow) at a higher rate.

15         MRT's cited cases do not support awarding a higher rate in this case.  Unlike

16   in *EcoServices*, MRT did not allege (nor did the jury conclude) that Western Digital's

17   infringement was willful.  *EcoServices, LLC v. Certified Aviation Servs., LLC*, 340 F.

18   Supp. 3d 1004, 1027 (C.D. Cal. 2018), *aff'd in part, vacated in part, remanded on*

19   *other grounds*, 830 F. App'x 634 (Fed. Cir. 2020).  Unlike in *Carl Zeiss*, MRT has

20   not shown that a 7% rate is warranted "to put [MRT] in the position it would have

21   been in."  *Carl Zeiss Vision In'tl GmbH v. Signet Armorlite, Inc.*, No. 07-cv-0894-

22   DMS (DHB), Dkt. 1558 (S.D. Cal. July 27, 2012).  Unlike in *Presidio Components*,

23   Western Digital has not "fail[ed] to cite any support" for its proposed rate, the T-Bill

24   rate.  *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 723 F. Supp. 2d 1284,

25   1330 (S.D. Cal. 1991), *aff'd in part, vacated in part on other grounds*, 702 F.3d 1351

26   (Fed. Cir. 2012).  And, in *Brooktree*, the court awarded the *lowest* proposed rate

27   between the parties, which happened to be 7%.  *Brooktree Corp. v. Advanced Micro*

28

*Devices, Inc.*, 757 F. Supp. 1101, 1102-03 (S.D. Cal. 1990). Those rulings do not apply. Rather, as in the cases discussed above, this Court should apply the T-Bill rate.

In the attached declaration, Dr. Becker sets forth a calculation of prejudgment interest at the not-seasonally-adjusted T-Bill rate, compounded annually, starting from issuance of the '997 patent, October 5, 2021. The prejudgment interest is **$22,962,501** from October 5, 2021, through August 23, 2024. Becker Decl. ¶ 8. Should judgment be entered later, the average daily prejudgment interest from August 24, 2024, is **$38,044** per day. Becker Decl. ¶ 9.

### 2. <u>Alternatively, This Court Should Use the Prime Rate Compounded Annually As It Did In Another Recent Case</u>

This Court recently awarded prejudgment interest for patent damages at the prime rate. *Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc.*, No. 2:21-cv-04758, 2023 WL 4203491, at *6 (C.D. Cal. Apr. 28, 2023) (citing *Kaneka*, 198 F. Supp. at 1126).[6] Other California courts have also adopted the prime rate over the California statutory rate. *See, e.g.*, *Droplets, Inc. v. Yahoo! Inc.*, 658 F. Supp. 3d 754, 768-69 (N.D. Cal. 2023) (rejecting request for prejudgment interest at California statutory 7% rate in favor of prime rate, compounded annually even where patentee borrowed at higher rates during the period of infringement). Thus, the Court could alternatively adopt the prime rate,[7] compounded annually.

In the attached declaration, Dr. Becker has set forth a calculation of prejudgment interest calculated at the not-seasonally-adjusted prime rate, compounded annually, starting with the issuance of the '997 patent on October 5, 2021. The prejudgment interest is **$47,119,349** from October 5, 2021, through August

---

[6] This is more recent than MRT's cited case *SPEX Techs. Inc. v. Apricorn, Inc.*, No. 2:16-cv-07349, 2020 WL 5491693 (C.D. Cal Mar. 23, 2020), which was subsequently amended and superseded.

[7] In the attached declaration, Dr. Becker uses the Bank Prime Loan Rate, as published by the Federal Reserve, applicable on the first date of each interest period.

23, 2024. Becker Decl. ¶ 8. Should judgment be entered later, the average daily prejudgment interest from August 24, 2024 is $**66,850** per day.[8] Becker Decl. ¶ 9.

### 3. <u>Alternative Prejudgment Interest Calculations</u>

If the Court determines prejudgment interest should start on the date of issuance of the '864 patent, Dr. Becker has set forth in the attached declaration alternative calculations of prejudgment interest measured at: (1) the 52 week T-Bill rate, and (2) the prime rate, compounded annually, from March 27, 2018, through August 23, 2024. Becker Decl. ¶ 8. A summary of Dr. Becker's calculations is set forth below:

|  | **T-Bill Rate** | **Prime Rate** |
|---|---|---|
| **Prejudgment Interest Starting with '864 Patent, Compounded Annually** | $34,144,668 | $95,219,524 |
| **Prejudgment Interest Starting with '997 Patent, Compounded Annually** | $22,962,501 | $47,119,349 |

### C. **The Court Should Reject MRT's Requested 7% Rate As a Windfall That Lacks Any Economic Basis or Compensatory Rationale**

MRT's request for a 7% rate is further flawed because: (1) it is a punitive windfall rather than compensatory and (2) MRT never tried to borrow at the 7% rate.

### 1. <u>MRT's Prejudgment Request Is Punitive, Not Compensatory</u>

MRT provides no evidence or economic rationale for its proposed 7% interest rate. MRT turns a routine request for compensation into a punitive exercise, running counter to the purpose of prejudgment interest. *See Pavo Sols.*, 2021 WL 1912392,

---

[8] If the Court grants prejudgment interest at MRT's requested 7% rate, simple interest, starting from the issuance of the '997 patent, prejudgment interest would be $53,006,034 through August 23, 2024, with further daily interest set at $50,184 per day through the date of judgment. Becker Decl. ¶¶ 8-9.

at *1 ("Prejudgment interest serves compensatory, not punitive purposes.") (citing *Oiness*, 88 F.3d at 1003).

MRT requests prejudgment interest equal to *nearly half* of the jury's entire (and already generous) damages award. MRT's request of $116,665,300 in prejudgment interest combined with the jury's award of $262,388,800 in damages totals $379,054,100, which would exceed Western Digital's operating profits for the accused products. 7/24/24 Trial Tr. Vol. II at 100:22-101:5. Such an award would also exceed the total payroll for all of Western Digital's U.S. media engineers in the last six years—the entire damages period—by over $130 million. 7/23/24 Trial Tr. Vol. II at 69:23-70:1 (testifying to total payroll of $241 million). MRT's request for an inflated award of prejudgment interest would go beyond compensating MRT for its forgone use of the royalties—it would amount to a disproportionate and punitive impact on Western Digital.

2. **MRT Provided No Evidence That it Would Borrow Money at 7%**

In determining the appropriate rate, courts typically look at whether the plaintiff "borrowed money at a higher rate, what that rate was, or that there was a causal connection between any borrowing and the loss of the use of the money awarded as result of [the defendant's] infringement." *Cave Consulting*, 2016 WL 4658979, at *25 (awarding prejudgment interest at T-Bill rate rather than prime plus one percent as requested by the patentee because the patentee produced no evidence that it borrowed money at that rate during the period of infringement) (citing *Laitram*, 115 F.3d at 955 (affirming district court's use of the T-Bill rate where there was no evidence of "a causal connection between any borrowing and the loss of the use of the money awarded as a result of the infringement.")); *Radware*, 2016 WL 4427490 (awarding prejudgment interest at the T-Bill rate where there was no evidence the patentee borrowed at the prime rate during the period of infringement).

MRT does no more than assert that that the California statutory rate of 7% is "[r]easonable." Dkt. 579-1 at 4-5. Other courts in this district have rejected the rote application of the statutory rate where, as here, the plaintiff "does not explain **why** 7% interest is an appropriate rate based on other available rates, [its] investing or borrowing activities, or any other evidence that might demonstrate this level of interest is required." *Tannas v. Multichip Display, Inc.*, No. 15-282, 2018 WL 1033219, at *5 (C.D. Cal. Feb. 21, 2018) (emphasis added).

Courts in other districts have also rejected interest rates higher than the T-Bill rate, in particular where (as here) the plaintiff is a non-practicing entity. In *Mondis*, the court rejected the patentee's request for a higher interest rate because it was a non-practicing entity with no employees and had failed to show that it "actually suffered increased damages related to the disparity between Treasury Bill rates and commercial interest rates, such as having actually paid to borrow money at commercial interest rates." *Mondis*, 2023 WL 3749992, at *12 (citing *Laitram* 115 F.3d at 955). It is undisputed that MRT is a non-practicing entity that does not develop or sell hard disk drives, hard disk media, or any components for hard drives. Its only assets are the patents asserted in this case. 7/17/24 Trial Tr. Vol. II at 27:19-28:19.

Because MRT has not provided any evidence that it had to borrow any money, let alone at a rate close to 7%, or that there was any causal connection between any borrowing and the loss of use of the damages awarded in this case, MRT has not provided a sufficient basis for the 7% rate to be applicable here. As discussed above (*supra* at 6-10), the T-Bill rate or the prime rate would adequately compensate MRT without awarding the requested windfall.

## IV. Conclusion

To the extent the Court is inclined to award prejudgment interest, Western Digital respectfully requests that the Court deny MRT's application for prejudgment interest from the issuance of the '864 patent, and limit prejudgment interest to start at the issuance of the '997 patent, calculated at the 52 week T-Bill rate, compounded

1  annually: $22,962,501 from October 5, 2021, through August 23, 2024, with daily

2  interest from August 24, 2024, through the date of judgment set at $38,044 per day.

3

4  DATED:  August 12, 2024        **LATHAM & WATKINS LLP**

5                                By:   */s/ Richard G. Frenkel*

6                                      Douglas E. Lumish
                                      Richard G. Frenkel

7                                      Patricia Young
                                      Joseph H. Lee

8                                      Linfong Tzeng
                                      Sarah W. Wang

9                                      Chaarushena Deb

10

11                                **STRADLING YOCCA CARLSON &
                                  RAUTH LLP**

12

13                                Steven M. Hanle
                                  Salil Bali

14                                Ahmad S. Takouche
                                  Henning Schmidt

15

16                                *Attorneys for Defendant and
                                  Counterclaim Plaintiff Western Digital*

17                                *Technologies, Inc.*

18

19

20

21

22

23

24

25

26

27

28

1

2

3                    <u>**CERTIFICATE OF COMPLIANCE**</u>

4          The undersigned, counsel of record for Western Digital Technologies,

5   Inc. certifies that this brief contains 4,088 words, which [choose one]:

6          <u>X</u>  complies with the word limit of L.R. 11-6.1.

7          ____ complies with the word limit set by court order dated [date].

8

9   DATED:  August 12, 2024          **LATHAM & WATKINS LLP**

10                                   By:   */s/ Richard G. Frenkel*
                                           Douglas E. Lumish
11                                         Richard G. Frenkel
                                           Patricia Young
12                                         Joseph H. Lee
                                           Linfong Tzeng
13                                         Sarah W. Wang
                                           Chaarushena Deb
14

15

16                                   **STRADLING YOCCA CARLSON &
                                     RAUTH LLP**
17
                                           Steven M. Hanle
18                                         Salil Bali
                                           Ahmad S. Takouche
19                                         Henning Schmidt

20
                                     *Attorneys for Defendant and
21                                   Counterclaim Plaintiff Western Digital
                                     Technologies, Inc.*
22

23

24

25

26

27

28