# EXHIBIT 1

Exhibit 1
Page 7

Steve Hanle, SBN 168876
  shanle@stradlinglaw.com
Salil Bali, SBN 263001
  sbali@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725 4000
Facsimile:  (949) 725 4100

Attorneys for Defendant and Counterclaim Plaintiff
Western Digital Technologies, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR TECHNOLOGIES, GMBH,<br><br>　　　　Plaintiff and<br>　　　　Counterclaim Defendant,<br><br>　　　　vs.<br><br>WESTERN DIGITAL<br>TECHNOLOGIES, INC.,<br><br>　　　　Defendant and<br>　　　　Counterclaim Plaintiff. | CASE NO. 8:22-cv-01599-JVS-DFM<br><br>Judge:  District Judge James V. Selna<br>Magistrate Judge Douglas F. McCormick<br><br>**DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC.'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>Complaint Filed:  August 26, 2022 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN

Exhibit 1
Page 8

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

2    Defendant Western Digital Technologies, Inc. ("WD") hereby provides a response

3    to Plaintiff MR Technologies, GmbH's Second Set of Requests for Production of

4    Documents.

5    **PRELIMINARY STATEMENT**

6    These responses are made solely for the purpose of this action. The

7    responses do not waive any appropriate objection, including, but not limited to,

8    those based on competency, relevancy, materiality, attorney-client privilege, work-

9    product, or admissibility, which would require the exclusion of any statement made

10   herein if the statement was offered into evidence in Court.

11   The following responses are given without prejudice to WD's right to

12   produce evidence of any subsequently discovered facts that WD may later uncover

13   on a rolling basis.  The responses contained herein are made in a reasonable and

14   good faith effort to supply as much factual information as is presently known, but

15   should in no way lead to the prejudice of WD in relation to further discovery,

16   research, or analysis.

17   A statement that WD will produce responsive documents means that WD

18   will produce document <u>if they exist</u> and should not be construed as a representation

19   that responsive documents do in fact exist.

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

Exhibit 1
Page 9

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

# OBJECTIONS TO DEFINITIONS

1.  WD objects to the definition of the terms "MR Tech." and "Plaintiff" to the extent they purport to include any person or entity other than the plaintiff in this case, MR Technologies, GmbH.

2.  WD objects to the definition of the term "Western Digital Technologies, Inc." to the extent it purports to include any person or entity other than the defendant in this case, Western Digital Technologies, Inc.

3.  WD objects to the definition of the term "patents-in-suit" to the extent it is defined to include patents no longer asserted in this matter, and interprets this term to refer only to the '864 patent and the '997 patent.

4.  WD objects to the definition of the term "Accused Products" to the extent it purports to include any products that are not specifically charted and not alleged to be represented by a specifically charted product. WD interprets the term "Accused Product" as the "WD Branded Drives" and the "Ultrastar Drives" as these terms are defined in Plaintiff's First Amended Disclosure Of Asserted Claims And Infringement Contentions served Feb. 21, 2023.

5.  WD objects to the definition of the terms "document," "person," and "communication" to the extent they purport to be broader than as defined by the Feder Rules of Civil Procedure. WD interprets this term as defined by the Feder Rules of Civil Procedure and the rules of this Court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

Exhibit 1
Page 10

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 35:**

All communications, including, but not limited to e-mails, letters, and other forms of written correspondence, to or from Dieter Suess.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

WD objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.  WD further objects to this Request as duplicative of materials already in the possession, custody, or control of Dieter Suess.

Subject to its objections, WD is willing to meet and confer regarding an ESI protocol to locate relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

All communications, including, but not limited to e-mails, letters, and other forms of written correspondence, referring to Dieter Suess, or publications that name Dieter Suess as a co-author.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

WD objects to this Request to the extent it requests information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist dated before the filing of the complaint.  WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.  WD further objects to this Request to the extent it purports to request publicly available materials such as "publications."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

Exhibit 1
Page 11

-3-

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

1    Subject to its objections, WD is willing to meet and confer regarding an ESI

2    protocol to locate relevant and responsive documents.

3    **REQUEST FOR PRODUCTION NO. 37:**

4    All communications, including, but not limited to e-mails, letters, and other

5    forms of written correspondence, referring to exchange spring media, graded

6    anisotropy.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

8    WD objects to this Request to the extent it requests any information

9    protected by any applicable privilege including any materials that are prepared in

10    anticipation of litigation, constitute attorney work product, disclose the mental

11    impressions, conclusions, opinions, or legal theories of any attorneys for WD,

12    contain privileged attorney-client communications, contain confidential, trade

13    secret, or proprietary information, or are otherwise protected from disclosure under

14    applicable privileges, laws, or rules.  WD will provide a privilege log to the extent

15    any privileged materials exist from before the filing of the complaint.  WD further

16    objects to this Request as overly broad, unduly burdensome, not reasonably

17    relevant the claims and defenses and not proportional to the needs of the case.

18    Subject to its objections, WD is willing to meet and confer regarding an ESI

19    protocol to locate relevant and responsive documents.

20    **REQUEST FOR PRODUCTION NO. 38:**

21    All communications, including, but not limited to e-mails, letters, and other

22    forms of written correspondence, referring to U.S. Patent No. 9,928,864 (the "'864

23    Patent").

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

25    WD objects to this Request to the extent it requests any information

26    protected by any applicable privilege including any materials that are prepared in

27    anticipation of litigation, constitute attorney work product, disclose the mental

28    impressions, conclusions, opinions, or legal theories of any attorneys for WD,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

Exhibit 1
Page 12

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint.  WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.

WD presently believes that no responsive documents exist, but is willing to meet and confer regarding an ESI protocol to locate any responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 39:**

All communications, including, but not limited to e-mails, letters, and other forms of written correspondence, referring to U.S. Patent No. 11,138,997 ("'997 Patent").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint.  WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.

WD presently believes that no responsive documents exist, but is willing to meet and confer regarding an ESI protocol to locate any responsive non-privileged documents.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

Exhibit 1
Page 13

-5-

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

**REQUEST FOR PRODUCTION NO. 40:**

All publications, internal presentations, and memoranda referring to Dieter Suess.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

WD objects to this Request to the extent it requests information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules. WD will provide a privilege log to the extent any privileged materials exist dated before the filing of the complaint. WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case. WD further objects to this Request to the extent it purports to request publicly available materials such as "publications."

Subject to its objections, WD is willing to meet and confer regarding an ESI protocol to locate relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All publications, presentations, or memoranda referring to the '864 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

WD objects to this Request to the extent it requests information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

Exhibit 1
Page 14

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

1  privileges, laws, or rules.  WD will provide a privilege log to the extent any

2  privileged materials exist dated before the filing of the complaint.

3       WD presently believes that no responsive documents exist, but is willing to

4  meet and confer regarding an ESI protocol to locate any responsive non-privileged

5  documents.

6  **REQUEST FOR PRODUCTION NO. 42:**

7       All publications, presentations, or memoranda referring to the '997 Patent.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

9       WD objects to this Request to the extent it requests information protected by

10  any applicable privilege including any materials that are prepared in anticipation of

11  litigation, constitute attorney work product, disclose the mental impressions,

12  conclusions, opinions, or legal theories of any attorneys for WD, contain privileged

13  attorney-client communications, contain confidential, trade secret, or proprietary

14  information, or are otherwise protected from disclosure under applicable

15  privileges, laws, or rules.  WD will provide a privilege log to the extent any

16  privileged materials exist dated before the filing of the complaint.

17       WD presently believes that no responsive documents exist, but is willing to

18  meet and confer regarding an ESI protocol to locate any responsive non-privileged

19  documents.

20  **REQUEST FOR PRODUCTION NO. 43:**

21       All documents, including all publications, presentations, or memoranda,

22  relating to the structure (*e.g.*, number of layers) of the Accused Products.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

24       WD objects to this Request to the extent it requests any information

25  protected by any applicable privilege including any materials that are prepared in

26  anticipation of litigation, constitute attorney work product, disclose the mental

27  impressions, conclusions, opinions, or legal theories of any attorneys for WD,

28  contain privileged attorney-client communications, contain confidential, trade

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

Exhibit 1
Page 15

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

1  secret, or proprietary information, or are otherwise protected from disclosure under

2  applicable privileges, laws, or rules.  WD will provide a privilege log to the extent

3  any privileged materials exist from before the filing of the complaint.  WD further

4  objects to this Request as overly broad, unduly burdensome, not reasonably

5  relevant the claims and defenses and not proportional to the needs of the case.  WD

6  further objects to this Request to the extent it purports to request publicly available

7  materials such as "publications."

8      Subject to its objections, WD will produce documents sufficient to show

9  number and composition of layers for the Accused Products.

10 **REQUEST FOR PRODUCTION NO. 44:**

11     All documents, including all publications, presentations, or memoranda

12 relating to the composition, including chemical composition of each layer, of the

13 Accused Products.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

15     WD objects to this Request to the extent it requests any information

16 protected by any applicable privilege including any materials that are prepared in

17 anticipation of litigation, constitute attorney work product, disclose the mental

18 impressions, conclusions, opinions, or legal theories of any attorneys for WD,

19 contain privileged attorney-client communications, contain confidential, trade

20 secret, or proprietary information, or are otherwise protected from disclosure under

21 applicable privileges, laws, or rules.  WD will provide a privilege log to the extent

22 any privileged materials exist from before the filing of the complaint.  WD further

23 objects to this Request as overly broad, unduly burdensome, not reasonably

24 relevant the claims and defenses and not proportional to the needs of the case.  WD

25 further objects to this Request to the extent it purports to request publicly available

26 materials such as "publications."

27     Subject to its objections, WD will produce documents sufficient to show the

28 composition of layers for the Accused Products.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

Exhibit 1
Page 16

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION

22-cv-01599

**REQUEST FOR PRODUCTION NO. 45:**

All documents, including all publications, presentations, emails, design documents, or memoranda relating to the coercivity, anisotropy, or hardness for the Accused Products or development or designs leading to the Accused Products, including but not limited to documents from which values of coercivity, anisotropy, or hardness for each layer of the Accused Products can be derived.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint.  WD further objects to this Request as vague, overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case to the extent it seeks all "documents from which values of coercivity, anisotropy, or hardness for each layer of the Accused Products can be derived."  WD further objects to this Request to the extent it purports to request publicly available materials such as "publications."

Subject to its objections, WD will produce relevant non-duplicative documents in its possession, custody, or control that include non-duplicative direct or indirect measurements of the coercivity, anisotropy, or hardness for the Accused Products.

**REQUEST FOR PRODUCTION NO. 46:**

Any analysis or characterizations or measurements (including modeling and/or computer simulations) showing "hardness" "coercivity", "coercive field",

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

Exhibit 1
Page 17

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

"reversal field", "$H_K$", "$H_c$", "anisotropy", including without limitation, MH Loops (magnetic moment vs. applied field hysteresis loops) for all layers or compositions in the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules. WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint. WD further objects to this Request as vague, overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case

Subject to its objections, WD will produce relevant non-duplicative documents in its possession, custody, or control that include non-duplicative direct or indirect measurements the "hardness" "coercivity", "coercive field", "reversal field," "$H_K$," "$H_c$," or "anisotropy" for the Accused Products.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show the areal storage density of each of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to its objections, WD will produce relevant non-duplicative documents sufficient to show the areal storage density of the Accused Products.

**REQUEST FOR PRODUCTION NO. 48:**

All documents discussing the varying concentrations of Pt, Cr, Co, O and other elements in the layers of each of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint.  WD objects to this Request as vague, overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.

Subject to its objections, WD is willing to meet and confer regarding an ESI protocol to locate any responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 49:**

All documents discussing or mentioning any Suess publications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint.  WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.  WD further objects to this Request to the extent it purports to request publicly available materials.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

Exhibit 1
Page 19

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

1    Subject to its objections, WD is willing to meet and confer regarding an ESI
2    protocol to locate any responsive non-privileged documents.
3    **REQUEST FOR PRODUCTION NO. 50:**
4    All documents discussing the layers between the Soft Underlayer and
5    magnetic recording layer, including without limitation any layers designated G1 or
6    equivalent, having coercivity, anisotropy, or hardness less than G1.
7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**
8    WD objects to this Request to the extent it requests any information
9    protected by any applicable privilege including any materials that are prepared in
10   anticipation of litigation, constitute attorney work product, disclose the mental
11   impressions, conclusions, opinions, or legal theories of any attorneys for WD,
12   contain privileged attorney-client communications, contain confidential, trade
13   secret, or proprietary information, or are otherwise protected from disclosure under
14   applicable privileges, laws, or rules.  WD will provide a privilege log to the extent
15   any privileged materials exist from before the filing of the complaint.  WD further
16   objects to this Request as overly broad, unduly burdensome, not reasonably
17   relevant the claims and defenses and not proportional to the needs of the case.  WD
18   further objects to this Request as vague and ambiguous regarding the term
19   "magnetic recording layer."
20   Subject to its objections, WD will produce non-duplicative documents
21   sufficient to show the arrangement and composition of the layers of the Accused
22   Products.
23   **REQUEST FOR PRODUCTION NO. 51:**
24   All documents describing exchange coupling or exchange coupling layers or
25   exchange break layers in APs.
26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**
27   WD objects to this Request to the extent it requests any information
28   protected by any applicable privilege including any materials that are prepared in

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

Exhibit 1
Page 20

1  anticipation of litigation, constitute attorney work product, disclose the mental

2  impressions, conclusions, opinions, or legal theories of any attorneys for WD,

3  contain privileged attorney-client communications, contain confidential, trade

4  secret, or proprietary information, or are otherwise protected from disclosure under

5  applicable privileges, laws, or rules.  WD will provide a privilege log to the extent

6  any privileged materials exist from before the filing of the complaint.  WD further

7  objects to this Request as overly broad, unduly burdensome, not reasonably

8  relevant the claims and defenses and not proportional to the needs of the case.

9      Subject to its objections, WD is willing to meet and confer regarding an ESI

10  protocol to locate any responsive non-privileged documents.

11  **REQUEST FOR PRODUCTION NO. 52:**

12      All documents describing, discussing, or mentioning domain wall.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

14      WD objects to this Request to the extent it requests any information

15  protected by any applicable privilege including any materials that are prepared in

16  anticipation of litigation, constitute attorney work product, disclose the mental

17  impressions, conclusions, opinions, or legal theories of any attorneys for WD,

18  contain privileged attorney-client communications, contain confidential, trade

19  secret, or proprietary information, or are otherwise protected from disclosure under

20  applicable privileges, laws, or rules.  WD will provide a privilege log to the extent

21  any privileged materials exist from before the filing of the complaint.  WD further

22  objects to this Request as overly broad, unduly burdensome, not reasonably

23  relevant the claims and defenses and not proportional to the needs of the case.  WD

24  further objects to this Request as vague and ambiguous regarding the term "domain

25  wall."

26      Subject to its objections, WD is willing to meet and confer regarding an ESI

27  protocol to locate any responsive non-privileged documents.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

Exhibit 1
Page 21

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

**REQUEST FOR PRODUCTION NO. 53:**

All documents describing, discussing, or measuring magnetization of the Accused Productions, including the strength of the magnetic field and/or coercive field.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules. WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint. WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.

Subject to its objections, WD will produce documents sufficient to show the magnetization of the Accused Products. WD is willing to meet and confer regarding an ESI protocol to locate any other responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 54:**

All documents describing, discussing, or mentioning the thickness of the layers of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

Exhibit 1
Page 22

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION
22-cv-01599

1  secret, or proprietary information, or are otherwise protected from disclosure under

2  applicable privileges, laws, or rules.  WD will provide a privilege log to the extent

3  any privileged materials exist from before the filing of the complaint.  WD further

4  objects to this Request as overly broad, unduly burdensome, not reasonably

5  relevant the claims and defenses and not proportional to the needs of the case.

6      Subject to its objections, WD is willing to meet and confer regarding an ESI

7  protocol to locate any other responsive non-privileged documents.

8  **REQUEST FOR PRODUCTION NO. 55:**

9      All documents describing, discussing, or mentioning the size of the grains in

10  the layers of the Accused Products

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12      WD objects to this Request to the extent it requests any information

13  protected by any applicable privilege including any materials that are prepared in

14  anticipation of litigation, constitute attorney work product, disclose the mental

15  impressions, conclusions, opinions, or legal theories of any attorneys for WD,

16  contain privileged attorney-client communications, contain confidential, trade

17  secret, or proprietary information, or are otherwise protected from disclosure under

18  applicable privileges, laws, or rules.  WD will provide a privilege log to the extent

19  any privileged materials exist from before the filing of the complaint.  WD further

20  objects to this Request as overly broad, unduly burdensome, not reasonably

21  relevant the claims and defenses and not proportional to the needs of the case.

22      Subject to its objections, WD is willing to meet and confer regarding an ESI

23  protocol to locate any other responsive non-privileged documents.

24  **REQUEST FOR PRODUCTION NO. 56:**

25      [Go through dependent claims.]

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

27      WD objects to this Request as unintelligible.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

Exhibit 1
Page 23

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION

22-cv-01599

**REQUEST FOR PRODUCTION NO. 57:**

All documents describing writeability, or efforts to improve writeability of APs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint.  WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.  WD further objects to this Request as vague and ambiguous regarding the term "writeability."

Subject to its objections, WD is willing to meet and confer regarding an ESI protocol to locate any other responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 58:**

All documents mentioning nucleation, nucleation host, nucleation layers or seed layers in connection with APs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

WD objects to this Request to the extent it requests any information protected by any applicable privilege including any materials that are prepared in anticipation of litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for WD, contain privileged attorney-client communications, contain confidential, trade secret, or proprietary information, or are otherwise protected from disclosure under

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION

22-cv-01599

Exhibit 1
Page 24

applicable privileges, laws, or rules.  WD will provide a privilege log to the extent any privileged materials exist from before the filing of the complaint.  WD further objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.  WD further objects to this Request as vague and ambiguous regarding the phrase "nucleation, nucleation host, nucleation layers or seed layers."

Subject to its objections, WD is willing to meet and confer regarding an ESI protocol to locate any other responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to determine Grain diameter of ferromagnetic layers between SUL and magnetic recording layer, including without limitation any layers designated G1 or equivalent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

WD objects to this Request as not reasonably relevant the claims and defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 60:**

All documents describing efforts to improve writeability, use of multiple layers, exchange spring, coercivity, anisotropy, and hardness of layers since 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

WD objects to this Request as overly broad, unduly burdensome, not reasonably relevant the claims and defenses and not proportional to the needs of the case.  WD further objects to this request as duplicative of requests 37, 45, 46, 50, and 57.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

Exhibit 1
Page 25

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION

22-cv-01599

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  June 7, 2023                STRADLING YOCCA CARLSON & RAUTH


By:  */s/ Steven M. Hanle*
Steven M. Hanle
Salil Bali


Attorneys for Defendant and
Counterclaim Plaintiff
Western Digital Technologies, Inc.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

DEFENDANT'S RESPONSES TO 2ND SET REQUESTS FOR PRODUCTION

22-cv-01599

Exhibit 1
Page 26

# CERTIFICATE OF SERVICE

I certify that on June 7, 2023, I caused a copy of the foregoing document entitled DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC.'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION to be served by e-mail on the below-listed counsel of record.

RUSS, AUGUST & KABAT
Marc A. Fenster
Reza Mirzaie
Paul A. Kroeger
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
Email: mfenster@raklaw.com
        rmirzaie@raklaw.com
        jbuczko@raklaw.com
        rak_mr_technologies@raklaw.com

_____
            Jennifer Crummett-Smith

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
CERTIFICATE OF SERVICE

Exhibit 1
Page 27